**CITY OF ABILENE, Appellant,**

**v.**

**E. D. WOODLOCK et al., Appellees.**

No. 3182.

Court of Civil Appeals of Texas.

Eastland.

Sept. 9, 1955.

Rehearing Denied Oct. 21, 1955.

Smith, Bickley & Pope, Abilene, for appellant.

Scarborough, Yates, Scarborough & Black, Abilene, for appellees.

COLLINGS, Justice.

The City of Abilene, on April 2, 1954, by ordinance prohibited the parking of automobiles on South First Street between Treadaway Boulevard and its western city limits. E. D. Woodlock and other appellees who own places of business on the South First Street, filed a petition in the District Court seeking to enjoin the City from enforcing the ordinance. Upon a trial of the cause the court declared the ordinance null and void and permanently enjoined its enforcement. The City of Abilene has appealed.

The material portion of the ordinance is as follows:

"Section Two: That all parking on South First Street, in the City of Abilene, Texas, between· Treadaway Boulevard on the east and the city limits on the west, is prohibited and declared to be a traffic violation * * *."

In several points appellant City contends that the Court erred in striking down the ordinance. It is urged that under statutory and charter provisions the City is vested with police power under which it has the right by ordinance to regulate and prohibit parking on its streets as long as the ordinances are not arbitrary and unreasonable; that this ordinance is not arbitrary or unreasonable and should have been upheld.

The principal purpose of a city street is to furnish a place or way for public passage of traffic on foot or in vehicles transporting persons or moving property, and as incident thereto, the right to load and unload passengers, merchandise and other commodities. Harper v. City of Wichita Falls, Tex.Civ.App., 105 S.W.2d 743 (Writ Ref.); Town of Refugio v. Strauch, Tex.Com.App., 29 S.W.2d 1041; Taylor v. Dunn, 80 Tex. 652, 16 S.W. 732.

The City of Abilene is a municipal corporation with home rule charter. Article XII, Section 97 of the charter provides as follows:

"The Board of Commissioners shall have power to lay out, establish, open, alter, widen, extend, grade, narrow, care for, pave, supervise, maintain, and improve streets, alleys, sidewalks, parks, squares, public places and bridges within the City of Abilene, and shall have exclusive power and control over the same; to prevent and summarily abate any obstruction or encroachment thereon, to sprinkle and care for said street, etc., and to regulate and have power exclusive over the use thereof * * *."

Article 1175, Sec. 16, Vernon's Annotated Civil Statutes, provides that home rule cities in this state shall have:

"* * * exclusive· dominion, control, and jurisdiction in, over and under the public streets, avenues, alleys, highways and boulevards, and public grounds of such city and to provide for the improvement of any public street * * *."

Section 18 of the same Article gives such cities the power to:

"Control, regulate and remove all obstructions or other encroachments or encumbrances on any public street, alley or ground * * *."

■ Under the above charter and statutory provisions a municipal corporation such as the appellant City of Abilene has the power by ordinance to provide reasonable regulations as to the use of its streets and traffic thereon, and has the duty under its police power to make proper regulations for the convenience and protection of the public. 39 Tex.Jur. 612, 615; Dallas Railway & Terminal Co. v. Bankston, Tex. Com.App., 51 S.W.2d 304; Fletcher v. Bordelon, Tex.Civ.App., 56 S.W.2d 313 (Writ Ref.); Clark v. City of Athens, Tex. Civ.App., 253 S.W. 574 (Writ Dis.).

Appellees recognize the right of the City to regulate traffic on its streets and also its right to regulate parking. They contend, however, that the City does not have the power to absolutely prohibit parking and cite as authority two cases by the Supreme Court of Illinois, Haggenjos v. City of Chicago, 336 Ill. 573, 168 N.E. 661 and City of Chicago v. McKinley, 344 Ill. 297, 176 N.E. 261, 262. In the first of these cases the ordinance involved made it a violation "to cause or permit any vehicle to stand" on any public street or alley in the territory described during the period of time covered by the ordinance. This ordinance was held to be unreasonable and invalid. In the McKinley case the ordinance prohibited and made it a violation to " 'cause or permit any vehicle to stand for a period of time' " longer than was reasonably necessary for the loading and unloading of passengers and merchandise, and specified the maximum time permitted for such loading and unloading. The ordinance in that case was upheld. The court, in the latter case, distinguished the cases by pointing out that the ordinance in the Haggenjos case was unreasonable and invalid because it prohibited any standing of vehicles on the street, while the ordinance in the McKinley case, though it also prohibited standing, allowed stopping for a reasonable time

for discharge and taking on of passengers and for loading and unloading materials.

■ The right to make such reasonable temporary stops is incident to the right of the public to travel the streets. Harper v. City of Wichita Falls, supra. The ordinance in the Haggenjos case denied this right and was, therefore, invalid. The ordinance in the McKinley case was not subject to this criticism and was upheld, although it was noted by the Supreme Court in that case that the effect of the ordinance was a "total prohibition of the use of the street for the parking or storage of vehicles."

The ordinance of the City of Abilene here under consideration is likewise not subject to the vice of the ordinance in the Haggenjos case. This ordinance does not prohibit vehicles from standing or stopping on South First Street but prohibits parking thereon. Parking has been held to mean the use of a portion of a street as storage space not only when a vehicle is voluntarily left unattended but, also, when occupied, if the stopping of the vehicle is for a length of time inconsistent with a reasonable use of the street, considering the primary purpose for which streets exist. 31 Words and Phrases, Parking, p. 97, and cases cited. The ordinance here involved which prohibits parking on South First Street in the City of Abilene does not deny the right to make temporary stops for reasonable lengths of time for loading and unloading passengers and merchandise and is valid under the holding in the McKinley case.

■ There is other authority for the rule that a City may, in the exercise of its power to regulate traffic on its streets also regulate and prohibit parking thereon in a manner which is reasonable and necessary for public safety and convenience. 64 C.J.S., Municipal Corporations, § 1766, pp. 211, 214; City of Clayton v. Nemours, 237 Mo.App. 167, 164 S.W.2d 935.

■ It is a well recognized general rule that it is the province of the governing body of municipality to determine in the

first instance the necessity and reasonableness of such an ordinance. The burden of showing that the ordinance is unreasonable is on the party who attacks it, and the courts will not strike it down unless it clearly appears to be arbitrary and unreasonable and an abuse of power. City of New Braunfels v. Waldschmidt, 109 Tex. 302, 207 S.W. 303; City of San Antonio v. Fetzer, Tex.Civ.App., 241 S.W. 1034 (Writ Ref.); Town of Ascarate v. Villalobos, 148 Tex. 254, 223 S.W.2d 945.

The question of the unreasonableness of a regulation under police power is discussed in 30–A Tex.Jur. 364, 365, as follows:

"* * * to be valid as an exercise of this power, an ordinance must be reasonable in its operation upon the person whom it affects, and must not be unduly oppressive—that is, it must appear that the means adopted are reasonable, necessary and appropriate for the accomplishment of a legitimate object falling within the domain of the police power."

■ South First Street in the City of Abilene, on which the ordinance in question prohibits parking, is a portion of transcontinental Highway U. S. 80. The street carries a large amount of both local and through traffic. Some witnesses indicated that there was at the time of the trial a maximum load of traffic on the street and that a great increase is expected when the Air Base now under construction west of the City is completed; that, in their opinion, it is hazardous to have parking on the street.

The evidence in our opinion does not show that the ordinance is unnecessary and unreasonable. The police power sought to be exercised by the City under the ordinance is concerned with the safety and convenience of the public in traveling its streets. The prohibition of parking on South First Street was appropriate to that purpose, in that, it was reasonably calculated to relieve congestion of traffic thereon. It was justified if it was reasonably necessary for public safety and convenience under the circumstances. The evidence concerning traffic on the street and the hazard to the public caused by parking is such that reasonable men might well conclude that the ordinance prohibiting parking is necessary and desirable for the safety and convenience of the public. This constitutes substantial evidence reasonably supporting the action of the governing body of the City of Abilene in passing the ordinance.

■ Under such circumstances it cannot be said that the ordinance is unreasonable and arbitrary. Its purpose and effect is to regulate traffic on South First Street. The subject matter is within the realm of the City's police power and there is substantial evidence in support of the need for such regulation. The fact that reasonable men might differ on the desirability or merits of the ordinance does not destroy the power to make the regulation. On the contrary, where the subject matter is, as here, within the scope of the police power and there is substantial evidence in support of the regulation, the question then becomes one of governmental or legislative discretion, and the Court will not substitute its discretion for that of the governing body of the City. 16 C.J.S., Constitutional Law, § 198, p. 569; Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022, 1029; City of Coleman v. Rhone, Tex.Civ.App., 222 S.W.2d 646 (Writ Ref.), and cases cited.

The judgment of the trial court is reversed and judgment rendered in favor of the City of Abilene.