Clyde V. DRIGGS, Appellant,

v.

CITY OF DENISON, Appellee.

No. 16979.

Court of Civil Appeals of Texas.

Dallas.

Oct. 27, 1967.

Jack Kennedy, Sherman, for appellant.

Robert L. Doss, Charles O. Smyre, City Attys., Denison, for appellee.

CLAUDE WILLIAMS, Justice.

Pursuant to an admittedly valid ordinance of the City of Denison, Clyde V. Driggs filed his application for districting, in proper form, with the City Council of the City of Denison in which he sought a permit to conduct the business of off-premises sale of wine and beer at 613 North Austin Street. The area in which the property in question was located had been previously zoned as retail territory under the General Zoning Ordinance of the City of Denison and the sale of wine and beer in such area was perfectly legal. However, under Alcoholic Beverages Ordinance of Denison the City Council was empowered to district and grant permits for the sale of such beverages in the area.

Driggs' application was denied by unanimous vote of the City Council. He filed suit in the district court in which he prayed that the court enter its order approving his application based upon his allegations that the City Council had acted arbitrarily and capriciously in refusing to grant him the relief sought. The City filed its motion for summary judgment to which were attached supporting affidavits of the mayor and two of the city councilmen. Also attached to the motion were copies of the minutes of the City Council relating to the hearing of Driggs' application. The mayor and city councilmen related in their affidavits that after careful and thoughtful deliberation, and with a view towards the promotion of the public safety, health, prosperity, convenience, morals and general welfare of the city, they exercised the discretion confided in them by the charter of the City of Denison and voted to deny the districting of Driggs' property.

Driggs filed his first amended original petition wherein, for the first time, he prayed for the issuance of a writ of mandamus against the City of Denison ordering and directing it to grant Driggs the permit sought by his petition for districting, and also praying for monetary damages sustained by him as a result of the denial of his application. Driggs also filed his affidavit and that of his first attorney, Joe M. Joiner, both being in opposition to the motion for summary judgment filed by the City.

The trial court sustained the City's application for summary judgment and rendered judgment that Driggs take nothing by his action.

In five points of error appellant contends that the trial court erred in granting summary judgment against him for the reason that the pleadings and affidavits before the court demonstrated the existence of at least one issuable fact which should have been submitted to a jury, such fact being that the City Council had acted arbitrarily, capriciously and unreasonably in denying his application. After careful consideration of all appellant's points in the light of the record here presented we find no merit in any of them and affirm the judgment of the trial court. In doing so we have carefully adhered to the rules relating to review of sum-

mary judgment cases which were clearly enunciated by our Supreme Court in Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex. Sup.1965).

■ Appellee City, by the filing of its motion for summary judgment, assumed the negative burden of showing the nonexistence of issuable facts, or that, as a matter of law, appellant Driggs had no cause of action against the City. By the filing of its motion, supported by appropriate affidavits of the mayor and city councilmen, the City did assume its burden in this regard. The City Council of the City of Denison, a home-rule city, acting as a legislative body, is vested with broad discretion in deciding questions dealing with the public safety, health, morals and general welfare. Inherent in this rule of law is the right of cities to regulate occupations and businesses within the limits of such cities. The right of every person to pursue any lawful business, occupation or profession is not an absolute right but is subject to the paramount right, inherent in the governing body as a part of its police power, to impose whatever reasonable restrictions and regulations the protection of the public may require. 40 Tex.Jur.2d, Municipal Corporations, § 341. Thus the municipality may impose reasonable restrictions on the manner in which the business is conducted, and also place limitations on the time and place it is to be carried on. City of Austin v. Austin City Cemetery Ass'n, 87 Tex. 330, 28 S.W. 528 (1894); 40 Tex.Jur. 2d, § 342; Lombardo v. City of Dallas, 47 S.W.2d 495 (Tex.Civ.App., Dallas 1932).

■ It has long been the law in this state that if an officer or governing board acting under powers granted by law exercises discretion in the discharge of their duties, mandamus will not lie to control such exercise of discretion. The only exception to this rule is that a mandamus will lie to correct a gross abuse of discretion upon the part of boards or officers entrusted with such discretion, when such abuse is so clear-

ly shown as to establish the fact that in performing the act complained of the officers acted wholly through fraud, caprice, or by a purely arbitrary decision, and without reason. King v. Guerra, 1 S.W.2d 373, 376 (Tex.Civ.App., San Antonio 1927, writ ref'd). In the King case the court said that in cases involving the exercise of discretion on the part of city councils the burden of defending the exercise of discretion is not upon the city government but "the extraordinary burden rests upon appellee to show that no conclusive, or even controversial or issuable, facts or conditions existed which would authorize the governing board of the municipality to exercise the discretion confided to it by a valid ordinance in determining a matter of purely governmental policy." See also Arberry v. Beavers, 6 Tex. 457, 55 Am.Decisions 791; Riggins v. City of Waco, 100 Tex. 32, 93 S.W. 426 (1906); and the recent decision by our Supreme Court in Dykes v. City of Houston, 406 S. W.2d 176 (Tex.Sup.1966).

■ In the instant case the City of Denison, having demonstrated by proper motion, pleadings and affidavits that it had applied reasonable discretion in denying appellant's permit, the burden was cast upon appellant to demonstrate factually that the city commissioners abused their discretion and that such refusal amounted to a purely arbitrary decision without reason. This is especially so since we are here dealing with the question of granting a privilege to operate a business which is not a property right in itself. No property rights as such are involved.

Appellant makes the sole contention that the affidavits of Joe Joiner and appellant himself present sufficient summary judgment evidence which would clearly support an issuable fact, that is, that the City Council acted arbitrarily, capriciously and unreasonably in denying his application. We have carefully read these affidavits and find that rather than presenting facts which

would be admissible upon the trial of the case, they contain hearsay and conclusory statements relating to the Council's abuse of discretion. In Covington v. City of Denison, 369 S.W.2d 824 (Tex.Civ.App., Dallas 1963, writ ref'd n.r.e.), we considered a strikingly similar situation and there held that mere conclusions were not sufficient to attack the action on the part of the city council as being arbitrary and capricious in denying an application such as the one presented here.

■ Appellant, apparently realizing the weakness of his position, seizes upon certain statements of the mayor and one city councilman both before and following the council meeting, as constituting some evidence to raise a fact issue. In the affidavit of Driggs he relates as a fact that prior to the time that Joe W. Gay was elected mayor of Denison he consulted Mr. Gay in his capacity as a banker concerning his proposed application and asked Mr. Gay directly what he thought of such application. According to Driggs Mr. Gay said that "he made no objections to my application and said that he would be in a position to support it if it was presented." Driggs also related that councilman Anderson, prior to his election to the City Council, was asked whether or not he would support the application and Anderson said that "he saw no reason why my application would not be granted." Furthermore, Driggs related that several weeks after the hearing and denial of the application Anderson apologized to him for the action taken.

Appellant's reliance upon these alleged statements, made by the mayor and one city councilman concerning his application at a time when neither of such gentlemen was a member of the City Council, to support his contention cannot be sustained in law.

The identical question was presented to the court in King v. Guerra, 1 S.W.2d 373, 374 (Tex.Civ.App., San Antonio 1927, writ ref'd). There contention was made, as here, that various members of the city commission, together with the mayor, were contacted separately and privately prior to the hearing on the application involved and that on each occasion the officials indicated that they would not oppose same. The court, in denying the very contention made here, said:

"It is true, as a matter of course, that the friendly expressions obtained from the mayor and two commissioners, in private conversations—whether made casually, upon impulses of the moment and without definite knowledge or consideration of the true facts of the proposed projects, or whether given deliberately and after mature consideration of all the ascertainable facts—can have no bearing upon the case. Even had they been so disposed, which they deny is the case, those officials, acting singly, individually, and separately, at different places and times and upon different occasions, could not bind themselves in their official capacity, nor the board of city commissioners as a body, nor the government of the city, nor any of its departments. Those expressions, whether of casually friendly acquiescence, or of solemn promises, can have no more bearing upon the official matter of the issuance of the permit than would similar expressions from any private citizen wholly disconnected from the city government."

Finding no issue of fact presented we overrule appellant's points. Appellee's cross-point is also without merit and is overruled.

The judgment of the trial court is affirmed.