**Bruce P. JOHN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55263.**

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 28, 1979.

**484**

J. Andrew Rollins, Arlington, for appellant.

Tim Curry, Dist. Atty., Marvin Collins and Ronald G. Knight, Asst. Dist. Attys., Fort Worth, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a misdemeanor conviction for the illegal sale of tickets, pursuant to Arlington City Ordinance No. 76–35. Appellant entered a plea of guilty to the offense in Municipal Court, and brought an appeal in Tarrant County Criminal Court No. Three, wherein he received a trial de novo. Appellant was found guilty by the court and a fine was assessed at one hundred and twenty-five dollars.

Arlington City Code, 1956, Miscellaneous Chapter, Ordinance No. 76–35, provides:

"Section 1.10 *Regulation of Sales on the Grounds of City of Arlington Municipally Owned Property*:

"It shall be unlawful for any person to sell or offer to sell any goods or services on the grounds of City of Arlington Municipally Owned Property with the exception of (a) parks (as limited by the Parks Chapter), (b) sidewalks, streets or public thoroughfares not located within the boundaries of City of Arlington Municipally Owned Property (as limited by the Streets Chapter and State Law), and (c) persons and their agents who have contracted for services with the City of Arlington for sales on the grounds of City of Arlington Municipally Owned Property."

On appeal, appellant attacks the constitutionality of the ordinance. In his first ground of error, he contends that the ordinance is unconstitutional as an "improper exercise of the Police Power of a Home Rule City in the State of Texas delegated to municipalities" by operation of the Home Rule Amendment to the Texas Constitution, Article XI, Section 5.

A city's police powers extend to the reasonable protection of the public health, safety and welfare. *Texas Power and Light Co. v. City of Garland*, 431 S.W.2d 511 (Tex.1968). Pursuant to its police power, a city is authorized to enact

ordinances tending to promote the general welfare, health, or safety of the public in the use of public facilities. See *Hixon v. State*, 523 S.W.2d 711 (Tex.Cr.App.1975). The legislative body of a home rule city is vested with broad discretion in deciding questions properly within the scope of a city's police power. *Driggs v. City of Denison*, 420 S.W.2d 446 (Tex.Civ.App.1967). However, the municipalities may only impose restrictions which have a reasonable basis and which reasonably promote the public safety or welfare. *Humble Oil & Refining Co. v. City of Georgetown*, 428 S.W.2d 405 (Tex.Civ.App.1968); *Driggs v. City of Denison*, supra.

It is the province of the governing body of a municipality to determine in the first instance the necessity and reasonableness of such an ordinance. *City of Abilene v. Woodlock*, 282 S.W.2d 736 (Tex.Civ.App. 1955).

An exercise of the legislative power of a municipality is presumed to be valid; the burden of showing that such an ordinance is unreasonable rests on the party who attacks it. *Utter v. State*, 571 S.W.2d 934 (Tex.Cr.App.1978); *City of Abilene v. Woodlock*, supra; *City of Waxahachie v. Watkins*, 154 Tex. 206, 275 S.W.2d 477 (1955).

Upon review, our courts will not strike down such ordinances unless they clearly appear to be arbitrary, unreasonable and an abuse of power. The issue is one of governmental or legislative discretion and the courts will not substitute their discretion for that of the governing bodies of the cities, *City of Abilene v. Woodlock*, supra, if reasonable minds may differ as to whether or not a particular ordinance has a substantial relationship to the public health, safety and welfare, no clear abuse of discretion is shown. *City of Waxahachie v. Watkins*, supra; *City of Abilene v. Woodlock*, supra.

In the instant case, the record reflects that the city ordinance prohibited the sale of goods or services upon property owned by the city, with three exceptions. Appellant was a "ticket broker" who resold tickets to baseball games. Upon the date of his arrest, he was selling tickets outside Arlington Stadium, owned by the City of Arlington. Evidence adduced at trial showed that a purpose of this ordinance was to minimize disruptions in the flow of pedestrian traffic outside the stadium. From twenty to twenty-five thousand people were usually expected to be at the stadium during events there; when goods were sold outside the stadium, this could disrupt the movement of people in and out of the stadium.

We hold that the City of Arlington has a legitimate interest in the regulation of the pedestrian traffic flow upon city-owned property. A permissible way for the city to regulate such traffic is to regulate the disruptions to pedestrians outside city facilities. Appellant has not met his burden of showing that this ordinance is unreasonable. Upon the facts presented here, we cannot say that the city's exercise of its police power in regulating the conduct of businesses on city property is unreasonable, arbitrary or constitutes an abuse of discretion. This ground of error is overruled.

In his second ground of error, appellant contends that the city ordinance is unconstitutional as being violative of equal protection. Specifically, he attacks subsection (c) of the ordinance which creates an exception to the general prohibition for persons who enter into a contract with the city to engage in sales on the premises.[1] Appellant contends that this sets up an improper basis for discrimination, and that this classification is arbitrary, and unreasonable. We do not agree.

A legislative body has a right to make a classification or create a class for the purpose of serving legitimate aims if the limits of the class are not unreasonable or arbitrary. *Hixon v. State*, 523 S.W.2d

1. We note that the record reflects that appellant never attempted to contract with the city, to thus bring himself within such exception.

711 (Tex.Cr.App.1975); *B & B Vending Co. v. City of El Paso*, 408 S.W.2d 545 (Tex.Civ. App.1966); *Ex parte George*, 152 Tex.Cr.R. 465, 215 S.W.2d 170 (1948).

We cannot say that the provision requiring prospective vendors to contract with the city is unreasonable, or arbitrary. The evidence adduced at trial showed that one purpose of the provision was to enable the city to regulate the number of vendors in places where large crowds were expected. Further, the evidence showed that another function of the ordinance, as applied in the instant case, was to require vendors to participate in the clean-up of the area and to share the costs of the upkeep of the premises. Thus, we hold that this provision of the ordinance is not unreasonable or arbitrary, and that the classification created thereby is not violative of equal protection. See also, *New Orleans v. Dukes*, 472 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976); *Hixon v. State*, supra. This ground of error is overruled.

The judgment is affirmed.