

# The Attorney General of Texas

August 25, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P O Box 12548
Austin, TX 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX 79401
806/747-5238

4309 N Tenth, Suite B
McAllen, TX 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John T. Montford
Criminal District Attorney
Lubbock County Courthouse
Lubbock, Texas 79401

Opinion No. MW-228

Re: Whether a home rule city can provide for the issuance of administrative search warrants

Dear Mr. Montford:

You ask whether a home rule city can enact an ordinance providing for administrative search warrants, and whether a municipal court judge, acting as a magistrate, can issue such administrative search warrants. For the reasons to be hereinafter stated, we believe that both questions should be answered in the affirmative.

The law is well settled that a home rule city derives its powers from article XI, section 5 of the Texas Constitution. <u>Lower Colorado River Authority v. City of San Marcos</u>, 523 S.W. 2d 641 (Tex. 1975). A home rule city is not required to look to the legislature for a grant of power to act, but only to ascertain whether the legislature has acted to limit the city's constitutional power. <u>Burch v. City of San Antonio</u>, 518 S.W. 2d 540 (Tex. 1975). Therefore, all powers enumerated in its charter which are not denied it by the constitution or general laws of the State of Texas, may be lawfully exercised by a home rule city.

We find no constitutional or statutory provision prohibiting a home rule city from providing for the issuance of administrative search warrants to ensure compliance with the city codes enacted to protect the health, safety and welfare of its inhabitants.

City of Lubbock Ordinance No. 7859 provides for the issuance by municipal court judges of "code enforcement search warrants" to city inspectors charged with enforcement of city codes dealing with, but not limited to, zoning and environmental control, and housing and building inspection. Such administrative search warrants may be issued only upon sworn affidavits supported by probable cause and may authorize inspection of premises to determine the presence of any code violations. No authority to effect any arrest or seizure of any property is granted by these administrative search warrants issued to city inspectors, none of whom are commissioned peace officers under article 2.12 of the Code of Criminal Procedure.

We believe Lubbock City Ordinance No. 7859 to be in substantial compliance with article 18.05 of the Code of Criminal Procedure, which specifically authorizes the issuance of administrative search warrants to city health officers and fire marshals. Article 18.05 was enacted by the legislature in response to decisions by the Supreme Court of the United States, which established the need for compliance with the warrant requirements of the Fourth Amendment in administrative searches of both residential and commercial premises. Camara v. Municipal Court, 387 U.S. 523 (1967); See v. City of Seattle, 387 U.S. 541 (1967). See also Michigan v. Tyler, 436 U.S. 499 (1978); Marshall v. Barlow's, Inc., 436 U.S. 307 (1978).

We believe the issuance of such administrative search warrants by a home rule city to be a reasonable exercise of its general police powers enumerated in article 1175, V.T.C.S., which extend to the reasonable protection of the public health, safety and welfare. Texas Power and Light Company v. City of Garland, 431 S.W. 2d 511 (Tex. 1968); John v. State, 577 S.W. 2d 483 (Tex. Crim. App. 1979).

It is therefore our opinion that a home rule city may enact an ordinance providing for the issuance of administrative search warrants in compliance with the provisions of article 18.05 of the Code of Criminal Procedure.

Article 18.01(c) of the Code of Criminal Procedure prohibits a municipal court judge from issuing an evidentiary search warrant under article 18.02(10), which provides for the seizure of evidence in a criminal case. However, as recognized by the United States Supreme Court in Camara and See, supra, there is a distinction between an administrative search warrant and a criminal search warrant, and each requires a different standard of probable cause for its issuance.

A criminal search warrant may be issued only upon a finding of probable cause supported by an affidavit that a criminal offense has been committed and that certain specified property is therefore subject to seizure. Code Crim. Proc. arts. 18.01, 18.02. Additionally, a criminal search warrant may order the arrest of the suspected offender. Code Crim. Proc. art. 18.03.

An administrative search warrant under article 18.05 of the Code of Criminal Procedure may only be issued for the purpose of allowing an inspection of specific premises to determine the presence of hazardous conditions prohibited by law. In determining probable cause for the issuance of an administrative search warrant under article 18.05 the magistrate is not limited to evidence of specific knowledge, but may consider any of the following:

> (1) the age and general condition of the premises;
> (2) previous violations or hazards found present in the premises;
> (3) the type of premises;
> (4) the purposes for which the premises are used; and
> (5) the presence of hazards or violations in and the general conditions of premises near the premises sought to be inspected.

Probable cause to believe that a criminal offense has been committed is not a prerequisite to the issuance of an administrative search warrant under article 18.05, nor may an administrative search warrant order the arrest of any person or the seizure of any property.

Accordingly, we believe that a municipal court judge sitting as a magistrate pursuant to article 2.09 of the Code of Criminal Procedure would not be prohibited by the language of article 18.01(c) of the Code of Criminal Procedure from issuing an administrative search warrant as authorized by article 18.05 and City of Lubbock Ordinance No. 7859.

## SUMMARY

A home rule city can enact an ordinance providing for administrative search warrants to be issued by a municipal court judge.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Gerald C. Carruth
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Gerald C. Carruth
Susan Garrison
Rick Gilpin