SAFE WATER FOUNDATION OF TEXAS, et al., Appellants,

v.

CITY OF HOUSTON, Appellee.

No. 01–82–0359–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 22, 1983.

Rehearing Denied Dec. 8, 1983.

Rockne Onstad, Houston, for appellants.

James Faulkner, Houston, for appellee.

Before DOYLE, WARREN and DUGGAN, JJ.

OPINION

DOYLE, Justice.

This is an appeal from a judgment denying the appellant's petition for permanent injunction to prohibit the City of Houston (City) from injecting fluoride into its water supply.

The Houston City Council (Council) held public hearings at which it received views of interested citizens concerning the issue of injecting fluoride into the City's surface water supply. On July 8, 1980, the Council passed Ordinance No. 80–2530 adopting the recommendation by Dr. James Watson, Director of the City of Houston Health Department, that fluoride, in a concentration of one part per million (1 ppm), be added to the City's surface water supply.

The appellants filed suit seeking an injunction to permanently enjoin the City from injecting fluoride into its drinking water. The appellants were granted a temporary restraining order until a hearing could be held. By consent of the parties, the hearing on the temporary injunction was combined with the trial on the merits. On January 13, 1982, the trial court entered judgment that the appellants take nothing. The appellants' appeal raises seven points of error. The appellee has filed one crosspoint of error.

In points of error one through four the appellants argue that the trial court erred (1) in holding them to a higher degree of proof than a preponderance of the evidence; (2) in failing to enter judgment in the appellants' favor based on findings of fact made by the court; (3) in failing to enter proper findings of fact; and (4) in failing to find that hydrofluosilic acid, as proscribed by the subject ordinance, constituted a "deleterious matter" as set forth in Tex.Rev. Stat.Ann. art. 4477–1, § 10(a) (Vernon 1976). Such a finding, the appellants contend, would have entitled them to a judgment as a matter of law. These four points of error will be discussed jointly.

 Council, the legislative body of the City, has both the authority and responsibil-

ity to determine, as a matter of fact, whether injecting fluoride into the City's water supply is an act in furtherance of the public's health, safety, and welfare. *City of Houston v. Johnny Frank's Auto Parts,* 480 S.W.2d 774 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). Council must first decide the necessity and reasonableness of the ordinance. *John v. State,* 577 S.W.2d 483 (Tex.Cr.App.1979).

■ A court will not substitute its discretion for that of the governing body of a city. *City of Abilene v. Woodlock,* 282 S.W.2d 736 (Tex.Civ.App.—Eastland 1955, writ ref'd, 351 U.S. 925, 76 S.Ct. 782, 100 L.Ed. 1455). Although reasonable minds may differ as to whether a particular ordinance is an act in furtherance of the public's health, safety, and welfare, this is no indication in the case at bar that the City clearly abused its discretion. *John, supra; City of Abilene, supra.*

An ordinance is presumed to be valid, with the burden of showing its invalidity resting on the party attacking it. When a city government passes an ordinance that is final and conclusive, it cannot be revised by the courts unless the passing of the ordinance was arbitrary, unreasonable, and a clear abuse of power. *Town of Ascarate v. Villalobos,* 148 Tex. 254, 223 S.W.2d 945 (1949); *City of Clute v. Linscomb,* 446 S.W.2d 377 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ).

■ In the case before us, it appears that the appellants are laboring under the mistaken belief that they must only make proof by a preponderance of the evidence that the injection of fluoride into the City's water system in the amount proposed by City would be harmful. Indeed, this was the quantum of evidence that the appellants presented, both lay and scientific. The appellants' burden was to prove that the City, in the exercise of its police power, has acted arbitrarily, unreasonably and capriciously in making the decision to fluoridate its water supply. If the trier of fact finds that the municipality did not so act, its legislative determination, as reflected by its ordinances must be accepted by the

courts as a valid exercise of its police power. *Smith v. Davis,* 426 S.W.2d 827 (Tex. 1968); *Johnny Franks Auto Parts Company, supra.*

■ The record herein reflects that Council heard evidence, both pro and con, from interested citizens concerning the effects of injecting fluoride into the City's water supply. Council then passed an ordinance approving the injection of fluoride. The record also shows that at trial the court heard similar evidence and concluded that the Council did not act in a manner that was arbitrary, capricious, or unreasonable.

We hold that the Houston City Council, acting under Article XI, Section 5 of the Texas Constitution, had the authority and responsibility to pass Ordinance Number 80–2530 in furtherance of the public's health, safety, and welfare. There was no proof by the appellants that Council, in doing so, acted in a manner that was arbitrary, unreasonable, and a clear abuse of power. Therefore, the trial court, using this standard, was correct in upholding the validity of the city ordinance, and the court's findings relating to the burden of proof being higher than a preponderance of the evidence were dicta. For this reason the court's omission to make findings as to what constituted "deleterious matter" was harmless. The appellants' first four points of error are overruled.

■ In their fifth point of error the appellants contend that the trial court erred in not holding that fluoridation of the City's water supply violated the United States and Texas Constitutions.

Four state courts have previously upheld the constitutionality of fluoridation. In all four cases, the United States Supreme Court has denied certiorari. *Paduano v. City of New York,* 45 Misc.2d 718, 257 N.Y. S.2d 531, *affirmed,* 24 App.Div.2d 437, 260 N.Y.S.2d 831 (1965), *affirmed,* 17 N.Y.2d 875, 271 N.Y.S.2d 305, 218 N.E.2d 339 (1966), *cert. denied,* 385 U.S. 1026, 87 S.Ct. 754, 17 L.Ed.2d 674 (1967); *Schuringa v. City of Chicago,* 30 Ill.2d 504, 198 N.E.2d 326 (1964); *cert. denied,* 379 U.S. 964, 85

S.Ct. 655, 13 L.Ed.2d 558 (1965); *DeAryan v. Butler,* 119 Cal.App.2d 674, 260 P.2d 98 (1953), *cert. denied,* 347 U.S. 1012, 74 S.Ct. 863, 98 L.Ed. 1135 (1954); *Dowell v. City of Tulsa,* 273 P.2d 859, 43 A.L.R.2d 445 (Okl. 1954); *cert. denied,* 348 U.S. 912, 75 S.Ct. 292, 99 L.Ed. 715 (1955).

Because the United States Supreme Court has never recognized the fundamental right the appellants are seeking to assert, we find no grounds on which to sustain their fifth point of error and accordingly overrule it.

Points of error six and seven respectively, complain that the trial court erred in holding the word "deleterious" to be vague and also erred in holding that the appellants must prove the unconstitutionality of art. 4477–1. The authorities listed in support thereof, have been considered and analyzed. Although they are exhaustive and scholarly, we do not find persuasive support therein for appellants' burden as mandated by their pleadings. We overrule points of error six and seven.

The City contends by cross-point that the trial court erred in rejecting its pleas in bar and in abatement and by special exceptions, challenging the appellants' standing to maintain this suit because they showed no justiciable interest, alleged no peculiar harm, and demonstrated no legal right to injunctive relief.

The general rule is that where the purpose of a suit is to benefit the general public, and no citizen is to be affected differently from all other citizens as a result of the suit, a private citizen must allege specific damage or damage that is peculiar to him. Otherwise, he lacks a justiciable interest that permits him to institute and prosecute the suit. *Yett v. Cook,* 115 Tex. 205, 281 S.W. 837 (1926); *Marshall v. City of Lubbock,* 520 S.W.2d 553 (Tex.Civ.App.—Amarillo 1975, no writ); *City of Abilene v. Shackelford,* 572 S.W.2d 742 (Tex.Civ.App.—Abilene 1978, no writ).

A review of the authorities cited by the appellants shows a gradual trend away from the strict requirements of standing as applied to "special injury" or "justiciable interest". The Supreme Court of Texas has apparently adopted a liberal attitude towards standing generally as shown by its decisions in *Texas Highway Commission v. Texas Association of Steel Importers, Inc.,* 372 S.W.2d 525 (Tex.1963) and *Touchy v. Houston Legal Foundation,* 432 S.W.2d 690 (Tex.1968). In *Texas Industrial Traffic League, et al. v. Railroad Commission of Texas,* 628 S.W.2d 187 (Tex.App.—Austin 1982), *reversed on other grounds per curiam,* Justice Powers gives an excellent review of the background and present status of the law on standing.

Of further significance is the reasoning of the court in *Housing Authority v. State,* 539 S.W.2d 911 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). There, the tenants in a low income housing project filed suit to enjoin the City Housing Authority from making certain payments to the commissioners. In holding that the plaintiffs had standing to sue, the court stated at page 915:

> If plaintiffs are denied the right to bring and maintain this action, in effect, all tenants in a public housing project that is constructed ... will be denied the right to complain ... Plaintiffs have standing to complain about the alleged unauthorized acts of the Commissioners, and may seek relief in the courts to protect their interest and that of the general public.

The appellants filed suit as "taxpaying residents and consumers" of the City's water supply. They challenged the validity of City Ordinance Number 80–2530, and alleged that the addition of fluoride could cause various injuries. They averred that such injuries were "immediate and irreparable in that some marginal individuals" would suffer ill health immediately.

The appellants' pleadings entitled them to sue not only to protect their individual interests but those of the general public as well. We hold that the appellants had standing to sue and deny the appellee's counter-point.

The judgment of the trial court is affirmed.