MEMORANDUM OPINION




No. 04-02-00561-CV



Ruben ESPRONCEDA, Ramon Espronceda, Rafael Espronceda, 


William A. Mallow, and Sheryl Pursely,

Appellants



v.



The CITY OF SAN ANTONIO,


Appellee



From the 408th Judicial District Court, Bexar County, Texas


Trial Court No. 2000-CI-14767


Honorable David Peeples, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: May 22, 2003


AFFIRMED

 The Court's opinion and judgment of May 21, 2003 are hereby withdrawn and substituted
with the following opinion and judgment.

 This is an appeal of a summary judgment rendered in favor of the City of San Antonio in a suit
challenging the City's authority to fluoridate its public water supply. We affirm the trial court's judgment.

Factual and Procedural Background

 In August of 2000, the City Council of San Antonio passed ordinance 92255 directing
suppliers of drinking water to fluoridate the water supplied to the City. That ordinance provided that
it would take effect only if approved by voters at an election to be held on November 7, 2000. After
the voters approved the fluoridation issue, Ruben Espronceda, Ramon Espronceda, Rafael
Espronceda, William A. Mallow, and Sheryl Pursely (collectively, "the Esproncedas") brought suit
seeking to enjoin the City from adding fluoride to its water supply and requesting a declaratory
judgment that ordinance 92255 is unconstitutional. (1) After two years of litigation, both parties filed
motions for summary judgment. The trial court granted the City's motion and dismissed the
Esproncedas' claims with prejudice. The Esproncedas now challenge that judgment on various
grounds. We affirm.

Motions for Summary Judgment and Burden of Proof Issues

 The Esproncedas claim the trial court erred in denying their motion for summary judgment
and in granting the City's motion for summary judgment. They also claim the trial court imposed the
wrong burden of proof on them. We disagree.

 A municipal ordinance is presumed to be valid and the burden of showing its invalidity rests
on the party attacking it. See Safe Water Found. of Tex. v. City of Houston, 661 S.W.2d 190, 192
(Tex. App.--Houston [1st Dist.] 1983, writ ref'd n.r.e.). "The City Council acts as the legislative
body of the City, and has both the authority and the responsibility to determine whether injecting
fluoride into the City's water supply is an act in furtherance of the public's health, safety, and
welfare." Id. at 191-192. If reasonable minds may differ as to whether a particular ordinance has a
substantial relationship to the public health, safety, morals, or general welfare, no clear abuse of
discretion is shown and the ordinance must stand as a valid exercise of the city's police power. See
Quick v. City of Austin, 7 S.W.3d 109, 117 (Tex. 1998). When suit is filed attacking an ordinance
passed under a municipality's police powers, "[t]he party attacking the ordinance bears an
'extraordinary burden' to show 'that no conclusive or even controversial or issuable fact or condition
existed' which would authorize the municipality's passage of the ordinance." City of Brookside Vill.
v. Comeau, 633 S.W.2d 790, 792-93 (Tex. 1982), citing Thompson v. City of Palestine, 510 S.W.2d
579, 581 (Tex. 1974). The question of whether one challenging an ordinance can meet this burden
of proof is a question of law properly answered in summary judgment proceedings. See Hunt v. City
of San Antonio, 462 S.W.2d 536, 539 (Tex. 1971).

 We review a trial court's rulings on a traditional motion for summary judgment de novo. See
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). Summary judgment is proper if the
movant establishes that there is no genuine issue of material fact and that the movant is entitled to
judgment as a matter of law. See Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.
1995). Additionally, a defendant who conclusively negates at least one of the essential elements of
each of the plaintiff's causes of action or who conclusively establishes all of the elements of an
affirmative defense is entitled to summary judgment. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995). We apply the same legal sufficiency standard in reviewing a no-evidence summary judgment
as we apply in reviewing a directed verdict. Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex.
App.--San Antonio 1998, pet denied). A no-evidence motion for summary judgment should be
denied if the respondent brings forth more than a scintilla of probative evidence to raise a genuine
issue of material fact. See id. When, as here, the trial court does not specify the grounds upon which
it relied for its ruling, summary judgment will be affirmed if any of the theories advanced are
meritorious. See Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).

 In support of their motion for summary judgment and in response to the City's motion for
summary judgment, the Esproncedas presented the affidavit of William A. Mallow, which stated that
Mallow is a chemist familiar with the facts and science involved in this case. He alleged that by
providing fluoride to be ingested without the aid of a doctor, the City has violated the law. He also
claimed that the City's proposed system would use fluoride containing traces of arsenic, lead, radium,
and other potentially harmful impurities. He contended that the City's refusal to advise voters of this
danger would harm consumers of the water, and that certain populations would be harmed more than
others. He also stated that rather than preventing cavities, ingesting fluoride may actually cause
cavities.

 In its motion for summary judgment the City asserted that ordinance 92255 was a valid
exercise of police power and legislative authority, and that the ordinance was enacted in furtherance
of the public's health, safety, and welfare. In response to the Esproncedas' motion and in support
of its own motion, the City produced the affidavit of Ernest Newbrun, D.M.D., Ph.D., Professor
Emiratus at the University of California San Francisco where he taught biology for thirty years. He
has authored two textbooks which are widely-accepted references on the topic of fluoride and
cavities. He is also a past president of the International Association for Dental Research, an
organization of more than ten thousand researchers, academics, and dentists which has repeatedly
endorsed the benefits of communal water fluoridation. Newbrun stated that fluoridation of the water
supply produces a public health benefit and will not injure the public's health or the environment.

 On appeal the Esproncedas challenge Newbrun's affidavit on the grounds that he is a dentist
and is not qualified to testify about the adverse effects of ingested fluoride. The Esproncedas also
complain that Newbrun is not familiar with the specific process involved in fluoridating San Antonio's
water supply and that his authorities are contrary to his opinion. Assuming without deciding that the
Esproncedas are correct, even if Newbrun's affidavit were stricken from the record, the Esproncedas
have still failed to show that no conclusive or even controversial or issuable fact or condition exists
to authorize the City's passage of the fluoridation ordinance. See Comeau, 633 S.W.2d at 792-92.
 

 Initially, we note that the City filed the affidavit of Val Ruiz, P.E., an engineer and the
Fluoride Point of Contact for the San Antonio Water System ("SAWS"). This affidavit answers any
perceived shortcomings in Newbrun's knowledge of the specific fluoridation process to be employed
by the City. Ruiz stated that the City and SAWS installed fluoridation systems at 27 pump stations
which will fluoridate the water to a level not to exceed 0.8 parts per million. He also detailed the
process by which the fluoride will be tested before being added into the water. Ruiz's affidavit
declared that the City would follow the system designed by the Texas Department of Health.

 The City also submitted as summary judgment evidence an executive summary of the Surgeon
General's Report, Oral Health in America. This report describes community water fluoridation as
a "critical public health measure" that is "an effective, safe, and ideal public health measure." As
further support for its summary judgment, the City submitted an American Dental Association
publication entitled "Fluoridation Facts." The publication, which extols the benefits of community
water fluoridation, was reviewed and considered by City Council members prior to adoption of
ordinance 92255. Similar studies and publications from the Texas Department of Health and the
Centers for Disease Control and Prevention were also presented by the City as summary judgment
evidence.

 Even when all reasonable inferences and doubts are resolved in the Esproncedas' favor, this
summary judgment record establishes the absence of a genuine issue of material fact and the City's
entitlement to judgment as a matter of law. See Nixon v. Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d
546, 548-49 (Tex. 1985). Because the Esproncedas' evidence failed to negate the City's defenses,
the trial court did not err in denying the Esproncedas' no-evidence motion for summary judgment.
Additionally, the Esproncedas have failed to meet the "extraordinary" burden placed on them by the
Texas Supreme Court. See Comeau, 633 S.W.2d at 792-93. They have not shown that no
conclusive or even controversial or issuable fact or condition existed which would authorize the
municipality's passage of the ordinance. See id. Indeed, the competing summary judgment evidence
reveals an issuable and controversial fact about the benefits or detriments of community water
fluoridation. Given this issuable fact, the City was authorized to pass the ordinance. (2) The
Esproncedas' first, second, and fourth issues are therefore overruled.

Requests for Admissions

 This suit was conducted under a Level 2 Discovery Control Plan. Under Level 2, the
discovery period ends nine months after the earlier of the date of the first oral deposition or the due
date of the first response to written discovery. See Tex. R. Civ. P. 190.3(b)(1)(B). The first
discovery requiring a written response were interrogatories sent to the City on November 21, 2000.
The City's response was due December 21, 2000. See id. Therefore, the discovery period ended nine
months later, on September 21, 2001. On May 7, 2002, more than seven months after the discovery
period ended, the Esproncedas served requests for admissions upon the City. The Esproncedas'
motion to deem the admissions was denied, as were their subsequent motions to reconsider.

 A trial court's rulings on discovery matters are reviewed for an abuse of discretion. See Gen.
Tire, Inc. v. Kepple, 970 S.W.2d 520, 526 (Tex. 1998). Because the Esproncedas presented no
explanation of why the interests of justice required modification of the discovery control plan, the trial
court acted within its discretion in refusing to extend the discovery period and deem the Esproncedas'
requests for admissions admitted. See Tex. R. Civ. P. 190.5. The Esproncedas' third issue is
overruled.

Informed Consent

 Next, the Esproncedas claim that the citizens who voted against ordinance 92255 are being
medicated by the City without their consent, as are those who receive water from the City's water
supply but were unable to vote against the ordinance. However, as the Florida Fourth District Court
of Appeals noted in a similar challenge to fluoridation of a municipality's water supply:

 Importantly, the city proposes to fluoridate the water before it enters each household
in the city; it is not seeking to introduce the mineral directly into [plaintiff's]
bloodstream. Therefore, the city's fluoridation of its water stops with [plaintiff's]
water faucet. The city is not compelling him to drink it. He is free to filter it, boil it,
distill it, mix it with purifying spirits, or purchase bottled water. His freedom to
choose not to ingest fluoride remains intact.


Quiles v. City of Boynton Beach, 802 So.2d 397, 399 (Fla. Dist. Ct. App. 2001, review denied).
Once again, the Esproncedas have failed to meet the "extraordinary" burden placed on them by the
Texas Supreme Court in Comeau, 633 S.W.2d at 792-93. Therefore, their argument that the
ordinance should be struck down because it medicates consumers of the City's water without their
consent is overruled.

Constitutional Challenges

 In the Esproncedas' sixth and final issue, they claim the ordinance is unconstitutionally vague
in its failure to define the word "fluoridate." The ordinance declares that it will fluoridate the water
at a level set by the Texas Department of Health. The Esproncedas also allege the ordinance
improperly delegates legislative authority to the Texas Department of Health. 

 If possible, we must interpret a statute in a manner that renders it constitutional. FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 873 (Tex. 2000). A statute is fatally vague only
when it exposes a potential actor to some risk or detriment without giving him fair warning of the
nature of the proscribed conduct. Tex. Liquor Control Bd. v. Attic Club, Inc., 457 S.W.2d 41, 45
(Tex. 1970). Due process is violated only when there is a substantial risk of miscalculation by those
whose acts are subjected to the regulation. Id. Furthermore, one of the settled maxims in
constitutional law is that the Legislature declares the policy of the law and fixes the controlling legal
principles, but may invest a delegated authority with the power to ascertain the facts and conditions
to which the policy and principles apply. Comm'rs Court of Lubbock County v. Martin, 471 S.W.2d
100, 105 (Tex. Civ. App.-Amarillo 1971, writ ref'd). The City Council acts as the legislative branch
of the City. See Safe Water Found., 661 S.W.2d at 191-92 . "The Legislature may delegate powers
to agencies established to carry out legislative purposes as long as the Legislature establishes
reasonable standards to guide the agency in exercising those powers." FM Props., 22 S.W.2d at 873.

 In their brief, the Esproncedas "ask this Court to change the law as set out by the Houston
Court of Appeals in Safe Water Foundation v. Houston." However, this is the framework mandated
by the Texas Supreme Court. See FM Props., 22 S.W.3d at 873. The Texas Department of Health
is responsible for monitoring the quality of water throughout the state. See Tex. Water Code Ann.
§ 26.130 (Vernon 2002). According to the affidavit of Val Ruiz, the Texas Department of Health
has regulated the quality of fluoridated water in other Texas cities for more than thirty years.
Because the summary judgment evidence shows there is no substantial risk of miscalculation by those
whose acts are subjected to the regulation, we affirm the trial court's finding that the statute is not
void for vagueness. See Attic Club, 457 S.W.2d at 45. Furthermore, the City's delegation of
authority to set and regulate the parts per million of fluoride added to the City's water is an
appropriate delegation, well within the constraints of the Texas Constitution. See Tex. Const. art.
2, § 1 (Vernon 2000); see also Hanzal v. City of San Antonio, 221 S.W. 237, 238 (Tex. Civ.
App.--San Antonio 1920, writ ref'd) (recognizing the power inherent in every sovereignty to enact
laws for sanitary purposes and protection of the public's health).

 Because the burden of proving the municipality's actions to be improper should remain on the
party challenging the statute, we decline the Esproncedas' invitation to re-write law. Their sixth issue
is overruled, and the judgment of the trial court is affirmed.


Catherine Stone, Justice






1. William Mallow was named as a plaintiff at the trial court level and as an appellant before us. The
Esproncedas' brief indicates that Mallow has since died. Because the record contains no information to that effect,
we will adjudicate the appeal as if all parties are alive. See Tex. R. App. P. 7.1(a).
2. We note that the overwhelming summary judgment evidence is supportive of community fluoridation.