David **BIDELSPACH**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 05–91–00796–CR to 05–91–00798–CR.

Court of Appeals of Texas,
Dallas.

July 14, 1992.
Rehearing Denied Oct. 28, 1992.

William E. Trantham, Dallas, for appellant.

Donald G. Davis, Dallas, for appellee.

Before THOMAS, MALONEY and KAPLAN, JJ.

## OPINION

KAPLAN, Justice.

A trial court convicted David Bidelspach in two cases for transporting liquid waste without a valid permit and in one case for failing to complete a trip ticket. A $75 fine was assessed in each case. In four points of error, appellant contends that sections 53–2(a) and 53–6(d)(2) of the Irving City Code are unconstitutional. We affirm in part and reverse in part.

## FACTS

Appellant is the owner and operator of National Waste Companies, a waste disposal service located in Irving, Texas. The City of Irving prohibits the transportation of liquid waste without a valid permit. IRVING, TEX.CODE OF CIVIL AND CRIMINAL ORDINANCES § 53–2(a) (1970). The City also requires anyone who transports liquid waste to complete a four-part trip ticket for each location serviced. IRVING, TEX.CODE OF CIVIL AND CRIMINAL ORDINANCES § 53–6(d)(2) (1970).

On two occasions, National Waste Companies hauled and disposed of liquid waste after its permit expired. On one separate occasion, the company failed to complete a trip ticket after a disposal run.

Appellant was charged with two violations of section 53–2(a) and one violation of section 53–6(d)(2) of the Irving City Code. He was convicted in municipal court and sought a trial *de novo* in the county court of criminal appeals. The county court found appellant guilty in all three cases. This appeal follows.

## ISSUE ON APPEAL

The sole issue on appeal is whether sections 53–2(a) and 53–6(d)(2) of the Irving City Code are unconstitutional. Appellant contends that these ordinances make the failure to act a criminal offense in violation of section 6.01(c) of the Penal Code and article XI, section 5 of the Texas Constitution. Appellant further argues that these ordinances are unconstitutional because they impose criminal liability based on the status of an individual.

## STANDARD OF REVIEW

City ordinances are presumed to be valid. *City of Brookside Village v. Comeau*, 633 S.W.2d 790, 792 (Tex.1982); *John v. State*, 577 S.W.2d 483, 485 (Tex. Crim.App. [Panel Op.] 1979). We must construe a city ordinance in a manner that renders it constitutional if it is possible to do so consistent with a reasonable interpretation of its language. *See Earle v. Program Centers of Grace Union Presbytery, Inc.*, 670 S.W.2d 777, 779–80 (Tex.App.—Fort Worth 1984, no writ); *Swearingen v. City of Texarkana*, 596 S.W.2d 157, 161 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.) (op. on reh'g). If such an interpretation is not possible, however, then the constitution must prevail over the ordinance. *Earle*, 670 S.W.2d at 780. The burden of showing that a city ordinance is invalid rests on the party attacking it. *John*, 577 S.W.2d at 485.

## APPLICABLE LAW

Article XI, section 5 of the Texas Constitution provides, in part, that no city ordinance shall contain any provision inconsistent with the general laws enacted by the State Legislature. TEX. CONST. art. XI, § 5. Section 6.01(c) of the Penal Code provides

"a person who *omits to perform an act* does not commit an offense unless *a statute* provides that the omission is an offense or otherwise provides that he has a duty to perform the act." TEX.PENAL CODE ANN. § 6.01(c) (Vernon 1974) (emphasis added).

■ The use of "statute" throughout the Penal Code clearly indicates that the Legislature intended the term to apply only to state and federal legislative enactments, not to municipal ordinances. *Honeycutt v. State*, 627 S.W.2d 417, 422 (Tex.Crim.App. [Panel Op.] 1981). For example, the Penal Code provides "[c]onduct does not constitute an offense unless it is defined as an offense by *statute, municipal ordinance*, order of a county commissioners court, or rule authorized by and lawfully adopted under a statute." TEX.PENAL CODE ANN. § 1.03(a) (Vernon 1974) (emphasis added). Moreover, the Penal Code provides "[l]aw means the constitution or a *statute* of this State or of the United States, a written opinion of a court of record, a *municipal ordinance*, an order of a county commissioners court, or a rule authorized by and lawfully adopted under a statute." TEX.PENAL CODE ANN. § 1.07(a)(20) (Vernon 1974) (emphasis added). The terms "statute" and "municipal ordinance" are each specifically addressed in various Penal Code provisions, indicating that the Legislature intended them to be separate and distinct types of law. *Honeycutt*, 627 S.W.2d at 422.

■ Section 6.01(c) provides that only a statute can make the failure to perform an act a criminal offense. Municipal ordinances are not included in that section of the Penal Code. Under well-established principles of statutory construction, the expression of one category or class is tantamount to the exclusion of all others. *See Guinn v. State*, 696 S.W.2d 436, 438 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd). We therefore conclude that municipal ordinances were not intended to be included within the ambit of section 6.01(c). *See Honeycutt*, 627 S.W.2d at 422.

### SECTION 53–2(a)

■ Section 53–2(a) of the Irving City Code provides that "[a] person commits an offense if he operates or causes to be operated a vehicle for the purpose of transporting liquid waste without an applicable permit." IRVING, TEX.CODE OF CIVIL AND CRIMINAL ORDINANCES § 53–2(a) (1970). While section 53–2(a) creates a duty on the part of a liquid waste transporter to obtain a permit, the ordinance does not impose liability for the failure to obtain a permit. Rather, the ordinance prohibits the affirmative act of operating a vehicle for the purpose of transporting liquid waste without obtaining a permit. Because the ordinance does not impose criminal liability for an omission, it is not inconsistent with section 6.01 of the Penal Code. Section 53–2(a) is not unconstitutional.

### SECTION 53–6(d)(2)

■ Section 53–6(d) of the Irving City Code requires the completion of a four-part trip ticket to document the generation, transportation, and disposal of liquid waste. IRVING, TEX.CODE OF CIVIL AND CRIMINAL ORDINANCES § 53–6(d) (1970). Section 53–6(d)(2) specifically provides "[a] transporter will complete one trip ticket for each location serviced ..." IRVING, TEX.CODE OF CIVIL AND CRIMINAL ORDINANCES § 53–6(d)(2) (1970). Section 53–6(d)(2), unlike section 53–2(a), creates liability solely for an omission—the failure to complete a trip ticket. Because this ordinance imposes criminal liability for an omission rather than an affirmative act, it conflicts with the express language of section 6.01 of the Penal Code and violates article XI, section 5 of the Texas Constitution. Section 53–6(d)(2) is therefore unconstitutional.

### CRIMINAL LIABILITY BASED ON STATUS

■ Appellant also contends that sections 53–2(a) and 53–6(d)(2) of the Irving City Code are unconstitutional because they create criminal liability based on the status of an individual in violation of section 7.02 of the Penal Code.[1] Appellant

1. Because we have held that section 53–2(6)(d) of the Irving City Code is unconstitutional be-

maintains that he was convicted for acts committed by employees of National Waste Companies solely because he owns the company.

Section 7.02 of the Penal Code delineates the circumstances under which a person can be held criminally responsible for the conduct of another. Section 7.02(a) provides, in relevant part:

(a) A person is criminally responsible for an offense committed by the conduct of another if:

(1) acting with the kind of culpability required of the offense, *he causes* or aids *an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense.*

TEX.PENAL CODE ANN. § 7.02 (Vernon 1974) (emphasis added).

Section 53-14 of the Irving City Code provides "[a]ny person, operator, or owner who shall violate any provision of this chapter ... shall be guilty of a misdemeanor...." IRVING, TEX.CODE OF CIVIL AND CRIMINAL ORDINANCES § 53-14 (1991). Section 53-2(a) specifically provides that "a person commits an offense if *he operates or causes to be operated* a vehicle for the purpose of transporting liquid waste without an applicable permit." IRVING, TEX. CODE OF CIVIL AND CRIMINAL ORDINANCES § 53-2(a) (1970) (emphasis added). An owner or operator can be prosecuted under section 53-2(a) only for operating a vehicle without obtaining an applicable permit or causing another to operate a vehicle without a permit.

We do not read section 53-2(a) of the Irving City Code to be inconsistent with section 7.02(a)(1) of the Penal Code. Under both the ordinance and the statute, a person can be held criminally responsible for an offense committed by another only if he caused that person to engage in the proscribed conduct. Section 53-2(a) does not impose criminal liability based on status. Rather, liability is based on operating or causing another to operate a vehicle that transports liquid waste without a permit. The ordinance is not unconstitutional.[2]

## CONCLUSION

We affirm appellant's two convictions under section 53-2(a) of the Irving City Code in cause numbers MC91-A1427-D and MC91-A1428-D. We reverse his conviction under section 53-6(d)(2) of the Irving City Code in cause number MC91-A1429-D, and remand this case to the trial court with instructions to dismiss the indictment.

---

cause it conflicts with section 6.01(c) of the Penal Code, we need not determine whether the ordinance is unconstitutional under this theory.

**2.** Appellant seemingly contends that the evidence is insufficient to establish that he operated or caused another to operate a vehicle for the purpose of transporting liquid waste without a valid permit. Because the fine imposed in each

case does not exceed $100, we are without jurisdiction to consider this argument. *See* TEX.CODE CRIM.PROC.ANN. art. 4.03 (Vernon 1977); *Resendez v. State,* 738 S.W.2d 41, 42 (Tex.App.—Houston [1st Dist.] 1987, no pet.). We can only consider the constitutionality of the statute or ordinance on which the conviction is based. *Id.*