The STATE of Texas, Appellant,

v.

Richard John CHURCH, Appellee.

No. 10–93–183–CR.

Court of Appeals of Texas,
Waco.

July 13, 1994.

Released for Publication Aug. 3, 1994.

Rehearing Denied Aug. 10, 1994.

John B. Holmes, Jr., Dist. Atty., Scott A. Durfee, Sandra Cawley, Asst. Dist. Attys., Houston, for appellant.

Robert L. Most, David R. Lee, Houston, for appellee.

Before CUMMINGS, VANCE and JAMES (Ret.), JJ.

## OPINION

JOHN A. JAMES, Jr., Justice (Retired).

This is a case wherein the State of Texas appeals the quashing of a complaint from a Justice of the Peace Court. On June 10, 1993, Appellee was charged by complaint with the offense of speeding in a school zone. On June 24, 1993, Appellee filed a motion to quash the complaint. After an evidentiary hearing on the motion, the trial court granted Appellee's motion. The State appeals under the provisions of Article 44.01(a) of the Texas Code of Criminal Procedure.

On or about April 17, 1991, the City Council of the City of Houston, Texas, passed and adopted Ordinance No. 91–493, altering the maximum prima facie speed limits in certain school zones including the 8000 block of West Bellfort, pursuant to an engineering and traffic investigation. As a result of this ordinance, the maximum prima facie speed limit in the 8000 block of West Bellfort was set at twenty (20) miles per hour between the hours of 2:00 P.M. and 4:00 P.M. Monday through Friday.

On Friday, December 11, 1992, at 2:38 P.M., Deputy Constable Russell Hartman stopped Appellee for speeding in the 8000 block of West Bellfort. At that time, the officer gave Appellee a written citation for speeding 35 miles per hour in a 20 miles per hour zone and instructing Appellee to appear

before Judge P. Till, Justice of the Peace, Precinct 5 of Harris County, on or before January 25, 1993. Thereafter, Appellee was charged by sworn complaint under the provisions of Article 6701d, Section 166, Texas Civil Statutes, for the aforesaid alleged violation.

The location of the offense alleged within the complaint was within the scope of the City of Houston Ordinance No. 93–493, and was (1) in the County of Harris and the State of Texas; (2) in Justice Precinct No. 5; and (3) within the corporate limits of the City of Houston.

By its sole point of error, the State asserts the trial court erred in granting Appellee's motion to quash the complaint. We sustain this point of error, and reverse and remand the case to the trial court.

In granting Appellee's motion to quash the complaint in the instant case, the trial court interpreted Tex.Code Crim.Proc.Ann. Art. 4.14 as barring prosecution of the complaint in a state justice court because the offense alleged arose from the violation of a speed limit set by city ordinance. The trial court concluded that exclusive jurisdiction for such violations rested with the City of Houston municipal courts.

The trial court's interpretation of Article 4.14 was erroneous for the following reasons:

(1) Although the complaint alleged that Appellee was driving at a speed in excess of a speed limit set by city ordinance, the offense itself was not the violation of the city ordinance, but the violation of a concurrently applicable state law: Tex.Rev.Civ.Stat.Ann. Art. 6701d § 166(a).

(2) Accordingly, because the offense alleged in the complaint was a state law violation, the provisions of Article 4.14 pertaining to state law violations applied, granting *concurrent* jurisdiction for prosecution of state law offenses to both the municipal court *and* the state justice courts.

### A. State Law Violation

■ The complaint in the instant case, as reflected in its caption and its language, was based upon the law prohibiting speeding in Tex.Rev.Civ.Stat.Ann. Art. 6701d, Sec. 166(a):

> No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the circumstances then existing.

Recognizing that enforcement of this law under this standard alone would be difficult without objective criteria, the Legislature created the following mechanism for determining what speeds are "reasonable and prudent under the circumstances then existing" as a matter of state law:

> The limits specified in this Section *or established as hereinafter authorized* shall be lawful, but any speed in excess of the limits specified in this Section *or established as hereinafter authorized* shall be prima facie evidence that the speed is not reasonable or prudent and it is unlawful.

*Id.* (emphasis added). What this language provides is that there are two standards by which a driver's speed may be measured for reasonableness and prudence:

(1) The default speed limits set in Section 166(a): *i.e.* 30 miles per hour in any urban district; 70 miles per hour (daytime) and 65 miles per hour (nighttime) on numbered highways outside urban districts; and 60 miles per hour (daytime) and 55 miles per hours (nighttime) on all other highways outside urban districts; *or*

(2) The speed limits "established as hereinafter authorized."

The phrase "established as hereinafter authorized" appearing in Section 166(a) refers to the eight sections that follow Section 166 in Article XIX of the Uniform Act Regulating Traffic on Highways. Two of these sections are relevant to this analysis.

The first relevant section is Tex.Rev.Civ. Stat.Ann. Art. 6701d, § 167(a), which authorizes the State Highway Commission to alter maximum speed limits where an engineering and traffic investigation has determined that the circumstances and "usual traffic," as determined by an engineering and traffic investigation, call for a different speed limit to be reasonable and safe. The second relevant

statute, TEX.REV.CIV.STAT.ANN. Art. 6701d, § 169(b), incorporates Section 167(a) to give the governing body of an incorporated city, town, or village the same authority to "alter maximum prima facie speed limits [with respect to roads within its corporate limits] upon the basis of an engineering and traffic investigation" as that delegated to the State Highway Commission with respect to roads in its System.

The City of Houston recognized this statute in its municipal code, authorizing the city council to "alter the maximum speed limits established by section 45–91 of this Code, on any street or portion thereof within the city *in accordance with the provisions of Article 6701d, Section 169, of the Vernon's Annotated Civil Statutes.*" HOUSTON MUN.CODE § 45–92. Thus, pursuant to the authority and dictates of Section 169(b), the City of Houston passed City of Houston Ordinance No. 91–493, which established the speed limit of 20 miles per hour during school hours for the 8000 block of West Bellfort.

Thus, the altered speed limit set by the City of Houston under the authority of Section 169(b) was a limit "established as hereinafter authorized" for purposes of Section 166(a). Under the language of Section 166(a), driving at a speed in excess of a limit "established as hereinafter authorized" is prima facie evidence of a speed that is not reasonable or prudent under state law. It is accordingly also a violation of state law. *See* TEX.REV.CIV.STAT.ANN. Art. 6701d, § 143 (criminalizing violations of provisions of Uniform Act Regulating Traffic on Highways as misdemeanor offenses punishable by fines of not less than one dollar nor more than two hundred dollars).

*B. Jurisdiction of Justice Court Relative to Municipal Court*

■ Having established that the offense alleged in the complaint at bar was a violation of state law, the question remaining is whether the trial court, as a state justice court, had jurisdiction to hear the case. A plain reading of the applicable statutes shows that the state justice court has concurrent jurisdiction with the city municipal court.

Justice court jurisdiction is dictated simply by TEX.CODE CRIM.PROC.ANN. Art. 4.11 as "criminal cases where the fine to be imposed by law may not exceed five hundred dollars."

TEX.CODE CRIM.PROC.ANN. Art. 4.14 implicitly limits this jurisdiction, however, by granting the municipal courts the following jurisdiction:

(1) *Exclusive original jurisdiction* within the corporate limits in all criminal cases in which punishment is by fine only and:

(a) where the maximum of such fine does not exceed $2,000 in all cases arising under the ordinances of such city, town or village that govern fire safety, zoning, or public health and sanitation, including dumping of refuse; and

(b) where the maximum of such fines does not exceed $500 in all other cases arising under the ordinances of such city, town or village; and

(2) *Concurrent jurisdiction with any justice of the peace in any precinct in which the city, town or village is situated* in all criminal cases arising under the criminal laws of this State, in which punishment is by fine only and:

(a) where the maximum of such fine may not exceed $500; and

(b) arising within such corporate limits.

■ Accordingly, to establish concurrent jurisdiction in a state justice court for a criminal case that arises within the corporate limits of an incorporated city, the State must show: (1) that the criminal case arose under the criminal laws of this State; and (2) that the maximum fine may not exceed $500.

This showing was made. As discussed, the offense alleged was a criminal case arising under TEX.REV.CIV.STAT.ANN. Art. 6701d, § 166(a), punishable by a fine of not less than one dollar nor more than two hundred dollars.

As such, the trial court erred in quashing the complaint for lack of jurisdiction.

In addition to the foregoing, *see* 22 TEX.JR. 3RD, *"Criminal Law,"* Section 1903, at page 34 et seq.

**50**

Accordingly, we hold that the trial court had jurisdiction of the cause, and reverse and remand the cause to the trial court.