TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00697-CR







Charles Liverman, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 420-100, HONORABLE STEVE RUSSELL, JUDGE PRESIDING 








 Appellant Charles Liverman was convicted of speeding in a bench trial in cause
number 2798579 in the Municipal Court of Record of the City of Austin. The punishment
assessed was a fine of $123. The judgment of conviction was affirmed on appeal by the County
Court at Law No. 2 of Travis County. This appeal followed. See generally Tex. Gov't Code
Ann. § 30.321, et seq. (West 1988). Because of the somewhat unusual appellate procedure
involved, a brief review of the background of the cause is necessary.

 The complaint charged that, on or about July 24, 1993, appellant:



did drive and operate a motor vehicle upon a public street therein situated [within
the incorporated limits of the City of Austin], to wit: 700 block East Oltorf St.,
at a speed which was greater than was then reasonable and prudent under the
circumstance then existing, to wit: At a speed of 45 miles per hour, at which time
and place the lawful maximum prima facie reasonable and prudent speed indicated
by an official sign then and there posted was 30 miles per hour; contrary to section
16-4-2 of the Austin City Code 1992, as amended.



 In the Municipal Court of Record, appellant was tried on his plea of not guilty. 
Andrew Perkel, the arresting officer and sole witness, testified that radar showed that appellant
was traveling at 45 miles per hour in a blue 1984 Oldsmobile vehicle at nighttime on July 24,
1993. After conviction, appellant's motion for new trial was heard and overruled. Notice of
appeal was given.

 In his appellate brief filed in the County Court at Law No. 2 of Travis County,
appellant advanced the following points of error:



Point of Error No. 1. The trial court erred in entering judgment against Appellant
for the reason the State failed to prove beyond a reasonable doubt that the offense
occurred in an urban district as defined by Texas Revised Civil Statutes Annotated
Art. 6701d § 166, and therefore, the only enforceable speed limit would be 55
miles per hour.


Point of Error No. 2. The trial court erred in entering judgment against Appellant
for the reason that City of Austin Code 16-4-2 is unconstitutional and contravenes
Texas Revised Civil Statutes Annotated Art. 6701d § 166 in that City of Austin
Code 16-4-2 seeks to impose a blanket speed limit of 30 miles per hour without
regard to whether the area of the alleged violation is an urban district.



 Under the statutory provisions relating to the Austin Municipal Court of Record,
the County Court at Law is viewed as the appellate court for the purpose of the first appeal. The
appeal is on the record. Tex. Gov't Code Ann. §§ 30.332--30.343 (West 1988). In his appellate
opinion for the County Court at Law No. 2, Judge Russell rejected the first contention, accepting
the State's argument that the prosecution was based on a city ordinance, not a state statute. He
viewed the second point of error as a claim that the ordinance was unconstitutional because it
purported to set a speed limit of less than 70 miles per hour outside an urban district. This does
not appear, however, to have been the real thrust of appellant's contention. Nonetheless, the
contention was overruled on the basis that the legislature had granted the city the authority to
make the changes. After the judgment of affirmance, notice of appeal was given to this Court.

 Following an appeal to the county court at law section 30.344 provides for an
appeal to the Court of Appeals:



The defendant has the right to appeal to the court of appeals if the fine assessed
against the defendant exceeds $100 and if the judgment is affirmed by the appellate
court. The provisions of the Code of Criminal Procedure, 1965, relating to direct
appeals from a county or a district court to the court of appeals apply to the appeal,
except that:


 (1)  the record and briefs on appeal in the appellate court constitute the
record and briefs on appeal to the court of appeals unless the rules of the
court of criminal appeals provide otherwise; and


 (2)  the record and briefs shall be filed directly with the court of appeals.



Tex. Gov't Code Ann. § 30.344 (West 1988). While Rule 1 of the Texas Rules of Appellate
Procedure provides in part that the "rules govern procedure in appeals to courts of appeals from
district courts, constitutional county courts, county courts at law and other statutory courts," we
find no rule which overrides or the provisions of section 30.344(1) of the Government Code. This
presents an anomaly. A defendant convicted in the Municipal Court of Record of the City of
Austin who appeals his conviction to an appellate court (county court at law) may also appeal from
the judgment of the county court at law to the court of appeals if the fine assessed exceeds $100. 
In such a situation, the defendant-appellant is accorded an appeal de novo because the briefs on
appeal to the original appellate court (county court at law) become the briefs on appeal to the court
of appeals. The defendant-appellant need not ask that the decision of the original appellate court
(county court at law) be reviewed, and he does not have to complain of any action of the county
court at law. He merely reurges the points of error from his original appellate brief. The
legislature may want to reexamine this procedure in the interest of judicial economy and to
prevent unnecessary wheel-spinning and delay.

 Appellant's counsel, in urging his original appellate brief and points of error before
this Court, explained that he was doing so because he was trying to follow the proper statutory
procedure. In view of the statutory procedure prescribed, we will consider the points of error as
stated in appellant's original brief on appeal set out above.

 Appellant has jointly briefed and argued his two points of error. We shall consider
these interwoven points together but in reverse order. In his second point of error, appellant
contends that the ordinance under which he was convicted of speeding is unconstitutional and
contravenes the state law in effect at the time of the commission of the offense in that the
ordinance imposed a speed limit of 30 miles per hour "without regard to whether the area of the
alleged violation was an urban district." 

 At the trial on the merits, we find no objection to the constitutionality of the
ordinance. Even constitutional errors may be waived by failure to object at trial. Briggs v. State,
789 S.W.2d 918, 924 (Tex. Crim. App. 1990); Gibson v. State, 516 S.W.2d 406, 409 (Tex.
Crim. App. 1974). There are exceptions to the contemporaneous objection rule, see Rabb v.
State, 730 S.W.2d 751, 752 (Tex. Crim. App. 1987), but the instant claim does not fall within
the "right not recognized" or other valid exception. Moreover, appellant does not cite either the
United States or Texas constitutions. The "unconstitutional claim" is not briefed in accordance
with Rule 74(f) of the Texas Rules of Appellate Procedure and presents nothing for review. The
real thrust of appellant's contention is that the ordinance in question contravenes "Texas Revised
Civil Statutes Annotated Art. 6701d § 166" in effect at the time of the commission of the offense.

 Although not cited by appellant, Article XI, section five of the Texas Constitution
provides that no city ordinance may contain any provision inconsistent with the state constitution
or of the general laws enacted by the legislature. Accordingly, ordinances are void when they are
in conflict with the provisions of the constitution and statutes. Abrams v. State, 563 S.W.2d 610,
613 (Tex. Crim. App. 1978); see also 53 Tex. Jur. 3d, Municipalities, § 277 at 303 (1987).

 City ordinances are, however, presumed to be valid. City of Brookside Village v.
Comeau, 633 S.W.2d 790, 792 (Tex. 1982); John v. State, 577 S.W.2d 483, 485 (Tex. Crim.
App. 1979); Bidelspach v. State, 840 S.W.2d 516, 517 (Tex. App.--Dallas 1992), pet. dis'm
improvidently granted, 850 S.W.2d 183 (Tex. Crim. App. 1993). A city ordinance must be
construed in a manner that renders it constitutional if it is possible to do so consistent with a
reasonable interpretation of its language. Bidelspach, 840 S.W.2d at 517. If such an
interpretation is not possible, then the constitution must prevail over the ordinance. Id. The same
general rules of construction which apply to statutes apply also to municipal ordinances. Mills
v. Brown, 316 S.W.2d 720, 723 (Tex. 1958); Collins v. City of El Campo, 684 S.W.2d 756, 759
(Tex. App.--Corpus Christi 1985, writ ref'd n.r.e.). The burden of showing that a city ordinance
is invalid rests on the party attacking it. John, 577 S.W.2d at 485; Bidelspach, 840 S.W.2d at
517.

 A city's police powers extends to the reasonable protection of the public health,
safety and welfare. Pursuant to such police power, a city is authorized to enact ordinances
tending to promote the general welfare, health, or safety of the public in the use of public
facilities. John, 577 S.W.2d at 484-85. The legislative body of a home rule city, such as Austin,
is vested with broad discretion in deciding questions properly within the scope of a city's police
power. Id. at 485. Only those restrictions, however, that have a reasonable basis and that
reasonably promote the public safety or welfare may be imposed. Id. Upon review, courts will
not strike down such ordinances unless they clearly appear to be arbitrary, unreasonable, and an
abuse of power. The issue is one of governmental or legislative discretion and the courts will not
substitute their discretion for that of the governing bodies of the cities.

 With this background, we note that the legislature has from time to time enacted
speeding restrictions for the state. Former article 6701d, section 166(a) of the Texas Revised
Civil Statutes, in effect at the time of the alleged offense on July 24, 1993, (1) provided in part:




ARTICLE XIX--SPEED RESTRICTIONS



Maximum Speeds of Vehicles



Sec. 166. (a)  No person shall drive a vehicle on a highway at speed greater than
is reasonable and prudent under the circumstances then existing. Except when a
special hazard exists that requires lower speeds for compliance with paragraph (b)
of this Section, the limits specified in this Section or established as hereinafter
authorized shall be prima facie evidence that the speed is not reasonable or prudent
and that it is unlawful:


 1. Thirty (30) miles per hour in any urban district;


 2. Seventy (70) miles per hour during the daytime and sixty-five (65) miles
per hour during the nighttime for any passenger car, motorcycle, or
motor-driven cycle on any State or Federal numbered highway outside
any urban district, including farm-and/or ranch-to-market roads, and
sixty (60) miles per hour during the daytime and fifty-five (55) miles
per hour during the nighttime for any passenger car, motorcycle, or
motor-driven cycle on all other highways outside any urban district;


 3. Sixty (60) miles per hour for all other vehicles on any highway outside
any urban district;



As to this statute, one appellate couort has stated:



What this language provides is that there are two standards by which a driver's
speed may be measured for reasonableness and prudence:


 (1) The default speed limits set in Section 166(a): i.e. 30 miles per hour
in any urban district; 70 miles per hour (daytime) and 65 miles per
hour (nighttime) on numbered highways outside urban districts; and
60 miles per hour (daytime) and 55 miles per hours (nighttime) on all
other highways outside urban districts; or


 (2) The speed limits "established as hereinafter authorized."


The phrase "established as hereinafter authorized" appearing in Section 166(a)
refers to the eight sections that follow Section 166 in Article XIX of the Uniform
Act Regulating Traffic on Highways.



State v. Church, 882 S.W.2d 47, 48 (Tex. App.--Waco 1994, pet. ref'd). One of the sections
referred to in Church is former Article 6701d, section 167(a) which authorized the State Highway
Commission to alter maximum speed limits where an engineering and traffic investigation
determined that the circumstances and usual traffic "called for a different speed limit to be
reasonable and safe." A second relevant section is former Article 6701d, section 169(b), in effect
at the time, which provided like authority to the governing bodies of incorporated cities to alter
the maximum prima facie speed limits on the highways and streets within the corporate limits of
such cities. Abrams, 563 S.W.2d at 610; Church, 882 S.W.2d at 49. The authority to alter the
maximum speed limits set forth in section 166(c) is subject to the qualification found in section
169(b): "provided that under no circumstances shall any governing body have the authority to
modify or alter the basic rule established in paragraph (a) of Section 166."

 Section 166(a)(1) established a maximum speed in the state of thirty miles per hour
in any urban district. (2) Section 166(a)(2) provided a maximum speed outside an urban district. 
In accordance with the authority vested in the governing body of the city of Austin by section
169(b) of article 6701d, that body adopted a city ordinance, section 16-4-2 of the city code, under
which appellant was prosecuted. Section 16-4-2 provided for a maximum speed of 30 miles per
hour on all "streets and highways within the corporate limits" of Austin unless otherwise provided
in the code. The City Council of Austin thus adopted 30 miles per hour as the general rule as to
a reasonable and prudent speed for vehicles on all streets and highways within the corporate limits
of the city without regard to whether the area was an urban district or outside an urban district. 
The authority to adopt, alter or modify the speed limits within the corporate limits was included
in the legislative grant provided by section 169(b) of former article 6701d. Thus, the speed limit
set by the City of Austin under the authority of section 169(b) was a speed limit "established as
hereinafter authorized" for the purposes of section 166(a). In light of the language of section
166(a), driving a vehicle at a speed in excess of a speed limit "established as hereinafter
authorized" is prima facie evidence of a speed that is not reasonable or prudent. See Church, 882
S.W.2d at 49. We conclude that the City Council of Austin in enacting section 16-4-2 of the City
code, under which appellant was prosecuted, did not alter or modify the basic rule of section
166(a) as prohibited by section 169(b) nor is it inconsistent with the state constitution. The second
point of error is overruled.

 In his first point of error, appellant contends that the State failed to allege and to
prove that the speeding offense occurred in an "urban district." The prosecution here was based
on the city ordinance, not on the basis of the state statute standing alone. In the latter situation,
it would have been necessary to allege that the offense occurred "in an urban district" if those
were the facts. See Abrams, 563 S.W.2d at 615. Appellant's reliance upon Abrams is misplaced. 
There, the city ordinance was held void. The appellate court then considered whether the
speeding conviction was sustainable under the state statute independent of the void ordinance,
concluding, however, that under the statute it was necessary to allege and prove that the offense
occurred in an "urban district" and that the prosecution had failed in this regard.

 When a city has properly adopted, altered, or modified speed limits, as in the
instant case, under the authority of the state statute, and the prosecution is brought under the
appropriate city code provision with the allegation that the offense occurred within the
incorporated limits of the city, it would be absurd to require the additional allegation in the
complaint that the offense occurred in an "urban district" or outside an urban district or both. The
requirement claimed is not an element of the offense of speeding under the city code section in
question and the prosecution was not required to prove the same. Appellant's first point of error
is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, Kidd and Onion*

Affirmed

Filed: April 3, 1996

Do Not Publish







* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1.   Act of April 14, 1971, 62d Leg., R.S., ch. 73, § 1, 1971 Tex. Gen. Laws 708. The
statute was subsequently amended effective September 1, 1993. Act of May 7, 1993, 73d
Leg., R.S., ch. 149, § 2, 1993 Tex. Gen. Laws 300. It has now been repealed and recodified. 
Tex. Transportation Code Ann. §§ 545.351 & 545.352 (West 1996); see also Act of May 18,
1995, 74th Leg., R.S., ch. 295, § 1, 1995 Tex. Gen. Laws 2662 (amending article 6701d, section
166(a) at same legislature session at which the Transportation Code was enacted). Cf. Tex. Gov't
Code Ann. § 311.031(c) (West 1988) (providing, in part, that the repeal of a statute by a code
does not affect an amendment of the statute by the same legislature which enacted the code, and
the amendment is preserved and given effect as part of the code provision).
2.   Section 166(a)(5)(c) provided that "`Urban District' means the territory contiguous to
and including any highway or street which is built up with structures devoted to business,
industry or dwelling houses, situated at intervals of less than one hundred (100) feet for a
distance of one-quarter (¼) of a mile or more on either side."


y of Austin under the authority of section 169(b) was a speed limit "established as
hereinafter authorized" for the purposes of section 166(a). In light of the language of section
166(a), driving a vehicle at a speed in excess of a speed limit "established as hereinafter
authorized" is prima facie evidence of a speed that is not reasonable or prudent. See Church, 882
S.W.2d at 49. We conclude that the City Council of Austin in enacting section 16-4-2 of the City
code, under which appellant was prosecuted, did not alter or modify the basic rule of section
166(a) as prohibited by section 169(b) nor is it inconsistent with the state constitution. The second
point of error is overruled.

 In his first point of error, appellant contends that the State failed to allege and to
prove that the speeding offense occurred in an "urban district." The prosecution here was based
on the city ordinance, not on the basis of the state statute standing alone. In the latter situation,
it would have been necessary to allege that the offense occurred "in an urban district" if those
were the facts. See Abrams, 563 S.W.2d at 615. Appellant's reliance upon Abrams is misplaced. 
There, the city ordinance was held void. The appellate court then considered whethe