

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00413-CV

_____

SHANNON NICOLE WASHER, INDIVIDUALLY,
AND AS NEXT FRIEND OF C.S., A MINOR,
APPELLANT

V.

CITY OF BORGER, TEXAS, APPELLEE

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 42,474; Honorable William D. Smith, Presiding

July 31, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Shannon Nicole Washer, acting individually, and as next friend of C.S. (a minor), appeals from a judgment following a bench trial denying all relief requested in her *Amended Petition for Declaratory Judgment* filed against Appellee, City of Borger, Texas ("Borger"). In her *Amended Petition,* Washer sought a declaration that certain city

ordinances related to animal control were unconstitutional in addition to damages related to the impoundment of her dog. On appeal, Washer asserts the trial court committed reversible error by finding that (1) investigation and enforcement provisions of sections 2.06.003 and 2.06.004 of the Borger's Municipal Code of Ordinances are not in conflict with Borger's Ordinance section 2.06.001; Borger, Texas, Code of Ordinances art. 2.06, §§ 2.06.001, 2.06.003, 2.06.004 (2017), and section 822.0421 of the Texas Health and Safety Code, Tex. Health & Safety Code Ann. § 822.0421 (West 2017),[1] (2) Ordinance sections 2.06.003 and 2.06.004 are not preempted by section 822.0421, (3) Ordinance sections 2.06.003 and 2.06.004 do not violate article XI, section 5(a) of the Texas Constitution; Tex. Const. art. XI, 5(a), (4) Ordinance section 2.06.004 does not violate her due process and equal protection rights under the United States and Texas Constitutions, (5) Borger's actions did not violate her due process and equal protection rights, (6) procedures employed by Borger in making a "Dangerous Animal Determination" regarding her dog did not violate her due process and equal protection rights, and (7) the enforcement mechanism employed against her by Borger in order to retrieve her dog from impoundment did not violate the United States and Texas Constitutions. We affirm the trial court's judgment.

BACKGROUND

In June 2016, Washer filed her *Original Petition for Declaratory Judgment* against Borger seeking declaratory judgment that certain sections of Borger's Ordinances were unconstitutional as a matter of law and unconstitutional in their application against her

---

[1] Throughout the remainder of this memorandum opinion, provisions of the Texas Health and Safety Code shall be cited as either "section ___" or "§ ___."

and her dog.  Later in the month, Washer obtained a temporary injunction against Borger that maintained the parties' status quo and required Washer perform certain acts before her dog could be released from impoundment.   A final trial on the merits was scheduled for September 12, 2016.

In September, Washer filed an amended petition seeking monetary damages as well as declaratory relief.   After a bench trial was held, the trial court issued its *Final Judgment* declaring that the ordinances and their implementation by Borger were constitutional.  The trial court denied any other relief sought by either party, including an award of attorney's fees.  Thereafter, Washer filed a timely notice of appeal.

In December 2016, the trial court's official reporter petitioned this court for an extension of time within which to file a reporter's record because Washer had not requested its preparation and had not paid, or made arrangements to pay, for a reporter's record.  This court granted the reporter an extension until January 4, 2017.

In January 2017, the official reporter sought a second extension of time based on the same reasons.  At that time, this court entered an order finding the reporter's record was deemed filed as of January 6, 2017, and required that Washer's brief be filed on or before February 6. This court's order stated that it would "only consider and decide those issues or points raised that do not require a reporter's record for a decision."  *See* TEX. R. APP. P. 37.3(c).  Thereafter, the parties timely filed their briefs.

ISSUES ONE, TWO, AND THREE

Washer asserts that Ordinance sections 2.06.003 and 2.06.004 (1) are invalid because their investigation and enforcement provisions conflict with Ordinance section 2.06.001[2] and section 822.0421, (2) are preempted by section 822.0421 and its comprehensive structure, and (3) violate article XI, section 5(a) of the Texas Constitution because they are inconsistent with state law. We disagree.

CITY OF BORGER—DANGEROUS ANIMAL ORDINANCES

Borger is a home-rule city that derives its authority to enact ordinances from the Texas Constitution. *See* TEX. CONST. art. XI, § 5; TEX. LOCAL GOV'T CODE ANN. § 51.072 (West 2008). *See also Lower Colorado River Auth. v. City of San Marcos*, 523 S.W.2d 641, 643 (Tex. 1975) (providing that home-rule cities have broad discretionary powers provided that no ordinance conflicts with the Texas Constitution or state law). As such, Borger looks to the Legislature not for grants of authority, but for limitations on its power. *Id.* As a home-rule city, the Legislature may limit Borger's power either expressly or by implication, so long as those limitations appear with "unmistakable clarity." *See City of Houston v. Bates*, 406 S.W.3d 539, 546 (Tex. 2013) (quoting *Dallas Merchant's & Concessionaire's Ass'n. v. City of Dallas,* 852 S.W.2d 489, 490-91 (Tex. 1993)).

However, "the mere fact that the [L]egislature has enacted a law addressing a subject does not mean that the subject matter is completely preempted." *City of Richardson v. Responsible Dog Owners of Texas*, 794 S.W.2d 17, 19 (Tex. 1990). The

---

[2] Ordinance section 2.06.001 states that "[i]t is the specific intent of this provision to elect adoption of Texas Health and Safety Code chapter 822, subchapter D, dangerous dogs as it exists at the time of the adoption of this chapter or as it may hereafter be amended."

4

state's entry into a field of legislation does not automatically preempt that field from city regulation. *City of Brookside Village v. Comeau*, 633 S.W.2d 790, 796 (Tex. 1982), *cert. denied*, 459 U.S. 1087, 103 S. Ct. 570, 74 L. Ed. 2d 932 (1982). City regulation ancillary to and in harmony with the general scope and purpose of state law is acceptable. *Id.*

Furthermore, section 822.047 expressly contemplates that "[a] county or municipality may place additional requirements or restrictions on dangerous dogs if the requirements or restrictions: (1) are not specific to one breed or several breeds of dogs; and (2) are more stringent than restrictions provided by this subchapter." By this provision, the Legislature clearly intended to permit local government broad discretion in regulating dangerous dogs.

Borger has enacted ordinances to establish procedures for handling dangerous animals, including dogs. *See* Ordinance § 2.06.001. Under its ordinances, Borger established an animal control authority to investigate reports of a dangerous animal, secure impoundment, if necessary, and provide a process for appeal for owners whose animals have been identified as dangerous. Ordinance § 2.06.003. After an owner receives a dangerous animal determination in a notice from the appropriate authority,[3] the owner may appeal the determination to municipal court. Ordinance § 2.06.004(d).

---

[3] Ordinance section 2.06.004 states, in pertinent part, as follows:

(a) The animal control authority shall investigate reports [of incidents involving dangerous animals]. Such investigations may include the interviewing of individuals, the taking of sworn statements, examination of the animal and other review of other relevant information. If, at the conclusion of the investigation, the animal control authority determines that the animal is a dangerous animal, as defined herein, the animal control authority shall provide notice, in writing, of that determination to the owner of the animal. . . .

If the animal has not been impounded pending the investigation, the authority may also include a written directive in the dangerous animal notice that the owner must deliver the animal to the authority within five days of the written issuance of the notice. Ordinance § 2.06.004(b). If the owner fails to deliver the animal as required, the authority may request that the municipal court issue a warrant for seizure of the animal. *Id.* at (c).

Upon receipt of the owner's notice of appeal of the authority's determination, the municipal court must set a hearing no later than ten days from the date of the filing of the owner's written appeal. Ordinance § 2.06.004(e). The authority's written determination that the animal is dangerous gives rise to a rebuttable presumption that the animal is a dangerous animal. *Id.* Any interested person may present competent evidence at the hearing to rebut the presumption of the animal's status. *Id.* Within ten days after the hearing, the municipal court must render its decision in writing. *Id.* The municipal court's decision may be appealed to a county court or county court at law and the owner is entitled to a jury trial upon request. § 822.0424(a). A decision by a county court or county court at law may be appealed in the same manner as an appeal from any other case in a county court or county court at law. *Id.*

STATUTORY CONSTRUCTION

This case is one of statutory construction, and such matters are questions of law for the reviewing court to decide. *City of Lubbock v. Adams,* 149 S.W.3d 820, 826-27 (Tex. App.—Amarillo 2004, pet. denied). When construing a statute, we conduct a *de novo* review*; Texas Dep't of Transp. v. Needham,* 82 S.W.3d 314, 318 (Tex. 2002), with our primary objective being to ascertain and give effect to the legislative intent of the

6

enacting body. *Texas Dept. of Protective and Regulatory Services v. Mega Child Care, Inc.,* 145 S.W.3d 170, 176 (Tex. 2004).

Under the canons of statutory construction, courts are to construe a statute according to its plain and common meaning, unless the language is ambiguous, or the interpretation would lead to absurd results that the drafters could not have intended. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008). This is accomplished by focusing on the literal text of the statutory language in question, reading it in context, and construing it according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (West 2013).

A city ordinance is enforceable only to the extent that it does not conflict with state law. *See Dallas Merchant's & Concessionaire's Assoc.,* 852 S.W.2d at 491; *City of Brookside Village*, 633 S.W.2d at 796. That is, an ordinance that is not in conflict with state law is not void. *See BCCA Appeal Grp., Inc. v. City of Houston,* 496 S.W.3d 1, 30 (Tex. 2015) (citing *City of Richardson*, 794 S.W.2d at 19). Moreover, "'a general law and a city ordinance will not be held repugnant to each other if any other reasonable construction leaving both in effect can be reached.'" *Dallas Merchant's & Concessionaire's Assoc.,* 852 S.W.2d at 491 (quoting *City of Beaumont v. Fall*, 291 S.W. 202, 206 (1927)). Here, Washer had the burden of proof to prove the ordinances invalid; *Bidelspach v. State*, 840 S.W.2d 516, 517 (Tex. App.—Dallas 1992, pet. dism'd), and that burden is a "heavy one." *Pharr v. Tippitt*, 616 S.W.2d 173, 176 (Tex. 1981).

7

ANALYSIS

Washer contends that Ordinance section 2.06.004 conflicts with section 822.0421(a) of the Health and Safety Code which provides as follows:

> [i]f a person reports an incident described by Section 822.041(2), the animal control authority may investigate the incident. If, after receiving the sworn statements of any witnesses, the animal control authority determines the dog is a dangerous dog, the animal control authority shall notify the owner in writing of the determination.

By way of contrast, Ordinance section 2.06.004 provides for the taking of sworn statements *in addition to* interviewing individuals, examining the animal and reviewing other relevant information. Ordinance section 2.06.004 may be more specific as to what may be involved in an investigation; however, being more specific does not make Ordinance section 2.06.004 contrary to section 822.0421(a). *See* § 822.047 (providing that a county or municipality may place additional requirements or restrictions on dangerous dogs if those requirements or restrictions (1) are not specific to one breed or several breeds of dogs; and (2) are more stringent than the restrictions provided by sections 822.041-822.100). Moreover, section 822.0421(a) does not contain any language indicating that an investigation may *only* be performed by "sworn statements."

Washer also contends that because state law does not place a burden of proof on the dog's owner, the rebuttable presumption in Ordinance section 2.06.004(e) conflicts with state law. Ordinance section 2.06.004(e) provides, in relevant part, that "[a]ny interested person may present competent evidence to the court to rebut the presumption of the animal's status." The presumption that the dog is dangerous arises after the authority has made its dangerous dog determination. The Health and Safety Code, on the other hand, is silent on whether such a presumption exists after such a determination.

8

*See* § 822.003. Thus, again, simply because Ordinance section 2.06.004(e) is more specific and/or strict, does not mean the two provisions conflict. *See City of Richardson*, 794 S.W.2d at 19. *See also* § 822.047.

Finally, Washer asserts that Ordinance sections 2.06.003 and 2.06.004 are unconstitutional under section 5(a) of article XI of the Texas Constitution which provides that no city ordinance "shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State." TEX. CONST. art. XI, § 5(a). The strictures of this constitutional provision are not at issue here because we perceive no conflict between the challenged Ordinances and the Health and Safety Code. Although the Ordinances are more specific, they are not conflicting or inconsistent with the Texas Health and Safety Code. *See City of Richardson*, 794 S.W.2d at 19. *See also* §§ 822.001-822.047 (West 2017).

Appellate courts must not interpret a statute in a manner that renders any part of the statute meaningless or superfluous; *City of Marshal v. City of Uncertain*, 206 S.W.3d 97, 105 (Tex. 2006), and where general and special provisions are both applicable, those "provisions shall be construed, if possible, so that effect is given to both." TEX. GOV'T CODE ANN. § 311.026(a) (West 2013). *See THI of Tex. at Lubbock I, LLC v. Perea*, 329 S.W.3d 548, 587 (Tex. App.—Amarillo 2010, pet. denied). Our interpretation accomplishes the goals of both these basic canons of statutory interpretation. *City of Houston*, 406 S.W.3d at 546; *City of Richardson*, 794 S.W.2d at 19. Accordingly, issues one, two, and three are overruled.

In issue four, Washer asserts that Borger's Ordinances violate her due process and equal protection guarantees in the United States and Texas Constitutions. In issues five through seven, Washer contends that Borger violated her rights to due process and equal protection by following its procedures for dealing with dangerous animals.

The Due Process Clause of the United States Constitution provides that a state shall not "deprive a person of life, liberty, or property, without due process of law." U. S. CONST. amend XIV. Assuming, without deciding, there is a protected liberty or property interest here, "[t]his leads to a discussion of what *evidence* appellant, the party challenging the constitutionality of [Borger's Ordinances] on due process grounds, put forth to demonstrate that [Borger's] scheme was unconstitutional in its application to [him or her]." *Frederic Scott Yoc-H v. State*, No. 07-13-00222-CR, 2014 Tex. App. LEXIS 4781, at *3-5 (Tex. App.—Amarillo 2014, pet. denied) (mem. op., not designated for publication) (emphasis added).

Equal protection of law, on the other hand, "is secured if the challenged statute does not subject one affected by it to arbitrary powers of government." *State Farm Fire & Casualty Co. v. Price*, 845 S.W.2d 427, 439 (Tex. App.—Amarillo 1992, writ dism'd). Thus, legislation is not open to objection unless there is *evidence* that those who are brought under its influence are not treated alike. *Id.*

In other words, to decide Washer's remaining issues four through seven, we require a reporter's record, i.e., evidence. Generally, the appellant bears the burden to bring forward a sufficient record to show error requiring reversal. *Nicholson v. Fifth Third*

10

*Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. TEX. R. APP. P. 34.1.

When there is no reporter's record, as here, we indulge every presumption in favor of the trial court's findings. *Curry v. Tex. Dep't of Pub. Safety*, 472 S.W.3d 346, 349-50 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998)). *See Palla v. Bio-One, Inc.*, 424 S.W.3d 722, 727-78 (Tex. App.—Dallas 2014, no pet.) (when a record is incomplete, we must presume that the missing portion supports the factual determinations made by the fact finder). Furthermore, without a complete record brought forward by the appellant, the court will conclude that the appellant waived points of error or issues dependent on the state of the evidence. *Favaloro v. Comm'n for Lawyer Discipline*, 994 S.W.2d 815, 820 (Tex. App.—Dallas 1999, pet. stricken). Because of the absence of a reporter's record here, we must also indulge every presumption in favor of the trial court's findings and conclude Washer waived issues four through seven. *See id.* at 820. Accordingly, issues four through seven are overruled.

CONCLUSION

We affirm the trial court's judgment.


Patrick A. Pirtle
Justice