[Civ. No. 1207. Second Appellate District.—December 20, 1912.]

## F. W. HUNT, Appellant, v. E. SHARKEY, Respondent.

CORPORATION—BANKRUPTCY—EXTENT OF LIABILITY OF STOCKHOLDERS—PRO RATA SHARE AFTER EXHAUSTING ASSETS.—Where by reason of the bankruptcy of a corporation, it has wholly abandoned its business, and is unable to perform its implied obligation to its stockholders that the money contributed should be used in conducting its business, the extent to which the contract for the purchase thereof can be enforced is the *pro rata* share of the amount required, after exhausting the tangible assets of the bankrupt's estate.

ID.—CONDITION OF ACTION ON LIABILITY OF STOCKHOLDERS—EQUITABLE DISTRIBUTION OF PRO RATA SHARE.—No action can be maintained on the liability of the stockholders in a bankrupt corporation unless the court in bankruptcy has ordered that the amount required to meet the *pro rata* share of any deficiency remaining should be ratably and equitably distributed among them.

ID.—POWER TO TRUSTEE TO SELL ASSETS—UNAUTHORIZED ASSIGNMENT OF STOCK SUBSCRIPTIONS—WANT OF EQUITABLE ADJUSTMENT—TITLE NOT PASSED.—The trustee in bankruptcy, under power given to sell the assets of the bankrupt corporation, has no power to sell and assign the unpaid balance due upon subscriptions for shares of capital stock, so as to pass a title thereto to the assignee, which can be enforced, in the absence of a proceeding, in which the equitable liability of the subscribers is adjusted.

ID.—NECESSARY ALLEGATION AND PROOF IN ACTION TO ENFORCE SUBSCRIPTIONS.—The trustee of the estate of a bankrupt corporation cannot enforce payment of the stockholders' liability upon unpaid subscriptions for its capital stock, unless it be made to appear by both allegation and proof that an assessment has been made by the

proper court, or under its direction, ratably distributing the liability of the bankrupt estate among the subscribers to its stock.

ID.—NONSUIT BASED ON INSUFFICIENT COMPLAINT—WANT OF PROOF SHOWN BY RECORD—COMPLAINT NOT AMENDABLE—NECESSARY JUDGMENT FOR DEFENDANT—FORM NOT PREJUDICIAL.—Where a nonsuit was based on an insufficient complaint, instead of a failure of proof, and a want of proof is shown by the record, and the complaint was not amendable, and there could be no possible judgment except for the defendant, the form of the nonsuit resulting in a dismissal of the action is without prejudice.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Franklin J. Cole, Judge presiding.

The facts are stated in the opinion of the court.

Murphey & Poplin, for Appellant.

Grant Jackson, for Respondent.

SHAW, J.—This is an appeal by plaintiff from a judgment of dismissal entered in favor of defendant upon an order granting his motion for nonsuit, and also from an order denying his motion for a new trial.

It appears from the complaint that on February 4, 1908, defendant in writing subscribed for twenty shares of the capital stock of a corporation known as the Duquesne Brewing Company, for which he agreed to pay the sum of one thousand dollars as follows: One hundred dollars on February 4th, and one hundred dollars on the fourth day of each month thereafter until the whole sum was paid. On October 5, 1909, at which time defendant had paid the sum of three hundred dollars on account of his contract, the corporation was, in accordance with the laws of Congress, adjudged a bankrupt by the United States district court. A trustee of the estate of the bankrupt was duly appointed and the referee to whom the matter was referred authorized him to sell at public auction the assets of said bankrupt. Thereupon the trustee proceeded as directed to sell the property of said bankrupt estate, which consisted of certain real estate, promissory notes, and contracts of subscription whereby the subscribers had agreed to purchase and pay for the shares of the capital stock of said corporation, among which was the contract of defendant,

which was designated as "Parcel 13. E. Sharkey, balance stock subscription, dated February 4, 1908, face amount, $700," and which contract the trustee, prior to the bringing of the suit, by deed of conveyance, assigned and transferred to plaintiff as the purchaser thereof for the sum of forty dollars. By his answer defendant admits the making of the contract of subscription; admits that only three hundred dollars had been paid thereon, but denies that seven hundred dollars or any sum was due on account thereof.

At the close of plaintiff's evidence, defendant's motion for nonsuit, upon the ground that the complaint did not state a cause of action, was granted, followed by judgment of dismissal. Two questions are presented for solution: 1. Whether or not an unpaid balance due upon a subscription for shares of capital stock of a corporation adjudged a bankrupt is, in the absence of a proceeding wherein the equitable liability of the subscriber is fixed, a subject of sale and assignment, collection of which can be enforced by the assignee; and 2. Whether the fact that the complaint failed to state a cause of action was, under the circumstances presented, a ground for granting the motion for a nonsuit.

Defendant's agreement to take and pay for stock in the corporation was based upon an implied consideration that the money so contributed should be used in conducting the business for which it was incorporated. By reason of the adjudication in bankruptcy the corporation wholly abandoned its business. Hence, being unable to perform its implied obligation to defendant as a subscriber for its stock, and having no use for such capital other than for the winding up of its business, the extent to which the contract for the purchase of stock could be enforced was the *pro rata* share of the amount required for such purpose after exhausting the tangible assets of the bankrupt's estate. (1 Morawetz on Corporations, sec. 152.) As a prerequisite to maintaining an action to enforce such obligation among those liable upon subscriptions to stock, it must be made to appear by appropriate allegations and proof that the court had jurisdiction of the proceedings in bankruptcy, or that by its order or direction the amount necessary to be raised to pay any deficiency in the sum required has been ratably and equitably distributed among them. (2 Morawetz on Corporations, sec. 822; 1 Remington on Bankruptcy,

sec. 977; *Burke* v. *Maze,* 10 Cal. App. 209, [101 Pac. 438, 440];
*In re Crystal Spring B. Co.,* 96 Fed. 945; *Scovill* v. *Thayer,*
105 U. S. 143, [26 L. Ed. 968]; *Perkins* v. *Cowles,* 157 Cal.
625, [137 Am. St. Rep. 158, 30 L. R. A. (N. S.) 283, 108 Pac.
711].) In *Covell* v. *Fowler,* 144 Fed. 535, the court, in dis-
cussing a similar question, says: ''A stockholder might have
an ultimate liability of only a few dollars, and at the same
time be made to rest under a decree sufficient to wipe out his
entire fortune, thus working great injury and perhaps ruin
to him.'' It may be noted that in the case at bar the aggre-
gate liability of the stockholders was $30,050, an assessment of
less than fifty per cent of which, if collected, would have been
sufficient to liquidate the indebtedness of the bankrupt, yet it
appears that plaintiff purchased the entire amount for the
nominal sum of six hundred and thirty dollars. Where a cor-
poration is adjudged a bankrupt the trustee of the bankrupt
estate cannot enforce payment of the stockholders' liability
upon unpaid subscriptions for capital stock, unless it be made
to appear by both allegation and proof that an assessment has
been made by the proper court, or under its direction, ratably
distributing the liability of the bankrupt estate among the sub-
scribers to its stock. In the case at bar such fact is neither
alleged nor proven. On the contrary, it is clear that no such
action was ever had, and hence the complaint did not state
facts upon which to base a judgment for plaintiff, as assignee
of the contract.

The motion for nonsuit specified as the grounds therefor the
insufficiency of the complaint in that it did not appear there-
from that the assessment required as a prerequisite to the
bringing of the suit had been made. Subdivision 5 of sec-
tion 581 of the Code of Civil Procedure provides that an ac-
tion may be dismissed ''upon motion of the defendant, when
upon the trial the plaintiff fails to prove a sufficient case for
the jury.'' Conceding the form in which the motion was
made failed to comply strictly with the provisions of the stat-
ute, in that it did not specify failure of proof rather than
insufficiency of the complaint to state a cause of action, never-
theless, the want of proof is disclosed by the record, from
which it is apparent that no facts existed which could enable
plaintiff to amend his complaint or supply the evidence en-
titling him to recover. Hence, had the motion been denied,

judgment upon the merits must necessarily have followed for defendant. This being the case, plaintiff was not prejudiced by the judgment of dismissal. "No judgment, decision, or decree shall be reversed or affected by reason of any error, ruling, instruction, or defect, unless it shall appear from the record that such error, ruling, instruction, or defect was prejudicial, and also that by reason of such error, ruling, instruction, or defect, the said party complaining or appealing sustained and suffered substantial injury, and that a different result would have been probable if such error, ruling, instruction, or defect had not occurred or existed." (Code Civ. Proc., sec. 475.) No good purpose could be subserved by reversing the case for the alleged technical error of which appellant complains when it clearly appears that further proceedings therein must necessarily result in a like disposition of the case.

There is no merit in appellant's contention that the court erred in adjudging defendant entitled to his costs expended in the trial.

The judgment and order denying plaintiff's motion for a new trial are affirmed.

Allen, P. J., and James J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 18, 1913.