Neil McLEAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–89–214–CR.

Court of Appeals of Texas,
Corpus Christi.

March 29, 1990.

Rehearing Overruled April 19, 1990.

Thomas White, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., & James Rosenkild, Asst. Dist. Atty., Corpus Christi, for appellee.

Before KENNEDY, UTTER and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

The State prosecuted appellant for murder, but the jury found him guilty of voluntary manslaughter and assessed punishment at three years in the Texas Department of Corrections. The jury answered a special issue, finding that appellant had used a deadly weapon to commit the offense. We affirm.

■ In his first point of error, appellant contends that the trial court erred in submitting to the jury a special issue on use of a deadly weapon. Appellant argues that he had inadequate notice of the State's intent to seek this finding, in that he first learned of the State's intent at the close of voir dire when the State tendered a document to him entitled "Notice of Intent to Seek Affirmative Findings on the Use of a Deadly Weapon." Although appellant may not have actually realized before the above document was filed that the State would seek an affirmative finding, appellant was, in fact, put on notice through the indict-ment that such a special issue might be submitted to the factfinder. Any allegation which avers that a death was caused by a named weapon or instrument necessarily includes an allegation that the named instrument was used as a deadly weapon. *See Ex parte Beck,* 769 S.W.2d 525, 526 (Tex.Crim.App.1989). Moreover, it has been held that where a felony information alleged that the defendant attempted to commit murder by stabbing the victim "with a knife," the allegation provided sufficient notice that the nature of the weapon alleged would be an issue to litigate at trial. *Ex parte Brown,* 773 S.W.2d 332, 333 (Tex.Crim.App.1989).

The indictment in the present case alleged that appellant intentionally or knowingly caused the death of an individual by stabbing him with a knife. As in *Brown,* this allegation put appellant on notice that the nature of the knife would be an issue to litigate at trial. *See Olivarri v. State,* 773 S.W.2d 792, 796 (Tex.App.—San Antonio 1989, no pet.). The trial court did not err in submitting the special issue. Appellant's first point of error is overruled.

■ In his second point of error, appellant contends that the evidence is insufficient to support the finding that appellant used a deadly weapon to commit the offense. Appellant contends that since the knife was not introduced into evidence or specifically described and since appellant made only one swipe with the weapon, nothing in the description of the weapon or manner of use indicated the knife was a deadly weapon. In light of appellant's sufficiency challenge, we will review the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found that appellant used the knife as a deadly weapon. *See Williams v. State,* 732 S.W.2d 777, 778 (Tex.App.—Corpus Christi 1987, no pet.). The evidence shows that appellant told one of his companions that if the victim did not leave him alone, he was going to stab his eyes out. Appellant retrieved a knife from his car. When appellant asked the victim if he wanted to fight, the victim pushed him, and appellant then took one swing at the

victim with his knife and fled. The victim died from a stab wound to the chest. We find this evidence sufficient for a rational trier of fact to have found that appellant used the knife as a deadly weapon. Appellant's second point of error is overruled.

 In his third, fourth, and fifth points of error, appellant contends that Tex.Code Crim.Proc.Ann. art. 42.18, sec. 8(b)(1) (Vernon Supp.1990) is unconstitutional because it violates the federal equal protection clause, due process clause and prohibition against cruel and unusual punishment. Although appellant did not raise these complaints in the trial court, it has been held that an accused may challenge the constitutionality of a statute on appeal without having raised an objection at trial. *Rose v. State*, 752 S.W.2d 529, 553 (Tex.Crim.App. 1987); *Rabb v. State*, 730 S.W.2d 751, 752 (Tex.Crim.App.1987).

Article 42.18, sec. 8(b)(1) provides that a defendant whose judgment contains an affirmative finding on use of a deadly weapon:

> is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-fourth of the maximum sentence or 15 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years.

Under article 42.18, appellant, who was sentenced to three years in prison, is not eligible for parole until he has served two calendar years. He argues that he has been denied equal protection because he must serve at least two years of his three-year sentence while those persons who are sentenced to serve more than eight years in prison are eligible for release on parole in one-fourth of their sentence. In order to successfully claim denial of equal protection of the law on the basis of unreasonable classification, an accused must prove the existence of a class of which he is a part and unreasonable discrimination. *Russell v. State*, 665 S.W.2d 771, 778 (Tex.Crim. App.1983). Appellant alleges that his class consists of those persons sentenced from two years to less than eight years, but he does not argue why the two-year minimum is unreasonable. We find nothing unreasonable in the legislative scheme which requires persons who use deadly weapons in the commission of crimes to serve a minimum term in prison before becoming eligible for release on parole. It is obvious that the Legislature wanted violent criminals to serve at least two years in prison. Although the scheme may allow a person with a longer sentence to be eligible for parole in the same amount of time, it does not follow that the scheme is unreasonable. Appellant's third point of error is overruled.

In his brief under points four and five, appellant does not argue how article 42.18, sec. 8(b)(1) violates due process or the prohibition against cruel and unusual punishment. Although appellant refers us back to his argument under point three, his argument there does not address the constitutional theories relied upon in points four and five. An appellate brief which is conclusory and cites no authority presents nothing for review. *Berghahn v. State*, 696 S.W.2d 943, 951 (Tex.App.—Fort Worth 1985, pet. ref'd). These points are overruled.

The judgment of the trial court is affirmed.

UTTER, J., not participating.