Cleotis STEWART, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–98–00451–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 3, 2000.

---

1. Chapter 65 deals solely with injunctions. TEX. CIV. PRAC. & REM.CODE ANN. §§ 65.001–.045 (Vernon 1997).

Charles Hinton, Houston, for appellant.

Alan Curry, Houston, for appellee.

Panel consists of Chief Justice MURPHY and Justices HUDSON and ·BAIRD.*

---

* Former Judge Charles F. Baird sitting by as-

## OPINION

CHARLES F. BAIRD, Justice (Assigned).

Appellant was charged by indictment with the offense of aggravated robbery. The indictment also alleged a prior felony conviction for the purpose of enhancing the range of punishment. Following appellant's plea of not guilty, a jury convicted appellant of the charged offense. Appellant then pled true to the enhancement allegation and the jury assessed punishment at seventy-five years confinement in the Texas Department of Criminal Justice—Institutional Division. The First Court of Appeals affirmed the conviction but reversed and remanded the case to the trial court for the reassessment of punishment. *See Stewart v. State*, no. 1–95–833–CR, 1996 WL 53941, delivered February 8, 1996. On remand, appellant again pled true to the enhancement allegation and the jury assessed punishment at twenty-five years. Appellant raises a single point of error. We affirm.

### I. Procedural History and Point of Error

At the punishment phase of appellant's original trial, the State made an improper jury argument over appellant's timely objections. Thereafter, the jury assessed punishment at seventy-five years confinement. The First Court of Appeals sustained appellant's point of error related to the improper jury argument at the punishment phase of the trial and remanded the case for a new punishment hearing.

Appellant's sole point of error contends article 44.29(b) of the Texas Code of Criminal Procedure is unconstitutional in that it limits his retrial to the issue of punishment. Appellant argues that had the trial court granted a new trial, appellant's case would have been restored to its position before the former trial. *See* TEX. R. APP.

signment.

P. 21.9. Appellant argues, therefore, that article 44.29(b) violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## II. Preservation of Constitutional Challenge

■ The State contends this claim is not preserved for review because it was not raised in the trial court. In support of this argument, the State relies upon *Jenkins v. State*, 912 S.W.2d 793, 808 (Tex.Crim.App. 1993), where the defendant asserted a denial of equal protection because of the preferential treatment offered a juvenile as opposed to an adult in relationship to the requisite magistrate warning. However, the *Jenkins* Court refused to reach the merits of the argument because it had not been raised in the trial court. In support of that holding, the court cited what is now Texas Rule of Appellate Procedure 33.1(a), which requires an objection, request, or motion in the trial court to preserve the complaint for appellate review. This rule expresses a general preference for trial objections because they inform the trial judge of the basis of the complaint and afford him the opportunity to rule, and objections afford opposing counsel an opportunity to remove the objection or supply other testimony. *See Zillender v. State*, 557 S.W.2d 515, 517 (Tex.Crim.App. 1977).[1] However, trial objections are not required in every circumstance. For example, this court has held that a defendant is not required to lodge an objection in the trial court to later seek credit for time served. *See Joseph v. State*, 3 S.W.3d 627 (Tex.App.—Houston [14th Dist.] 1999, no pets.).

The State candidly recognizes that the general requirement of an objection is often not followed when resolving constitutional challenges. For example, the State brings to our attention *McLean v. State*, 787 S.W.2d 196, 197 (Tex.App.—Corpus Christi, 1990, pet ref'd), which recognized "an accused may challenge the constitutionality of a statute on appeal without having raised an objection at trial." *Id.*, citing *Rose v. State*, 752 S.W.2d 529, 553 (Tex.Crim.App.1987); *Rabb v. State*, 730 S.W.2d 751, 752 (Tex.Crim.App.1987). The *Rabb* Court went so far as to criticize the court of appeals for not reaching the merits of the constitutional challenge, holding: "Questions involving the constitutionality of a statute upon which a defendant's conviction is based should be addressed by appellate courts, even when such issues are raised for the first time on appeal." *Id.*, 730 S.W.2d at 752. This court discussed this issue at length in *McGowan v. State*, 938 S.W.2d 732, 739 (Tex.App.—Houston [14th Dist] 1996) (op. on reh'g), *affirmed sub nomine, Weightman v. State*, 975 S.W.2d 621 (Tex.Crim.App.1998). The *McGowan* Court concluded that to raise a constitutional challenge for the first time on appeal, the questioned statute must affect the jurisdiction of the trial court to render a judgment against the defendant, and the defendant must challenge the facial constitutionality of the statute or argue the statute is void *ab initio*. *Id.* at 741.

The question presented here is whether appellant was required to raise an objection in the trial court to the remedy ordered by the appellate court. Initially, the Court of Criminal Appeals interpreted article 44.29(b) as being directed to the trial court to determine whether the retrial should encompass the issue of guilt or be limited to the issue of punishment. *See Ex parte Klasing*, 738 S.W.2d 648, 650–51. (Tex.Crim.App.1987), *overruled on other grounds, Ex parte Brown*, 757 S.W.2d 367, 369 (Tex.Crim.App.1988). Subsequently, however, the Court of Criminal Appeals seems to have taken a different tact. *See Rent v. State*, 982 S.W.2d 382 (Tex.Crim.

---

**1.** The *Zillender* court also noted: "A collateral but important ramification of this function is to provide the trial court with an opportunity to attempt to cure any harm resulting from the action giving rise to the objection. *Coleman v. State*, 481 S.W.2d 872 (Tex.Crim.App. 1972) and cases cited therein." 557 S.W.2d at 517 n. 1.

App.1998); *Fullbright v. State,* 818 S.W.2d 808, 811 (Tex.Crim.App.1991).

■ In the instant case, the First Court of Appeals reversed the judgment of the trial court "as to punishment and remand[ed the case] for a new hearing on punishment." In light of the language employed by the Court of Appeals, the trial court was not authorized to award appellant an entirely new trial, even if appellant had requested one. We will not impose upon appellant the requirement to perform a useless act to preserve error; the proper forum to complain of an appellate remedy is in the appellate court. Consequently, we hold a defendant is not required to first object in the trial court in order to later complain of a remedy ordered by an appellate court. Based upon this holding, we find the instant claim is subject to appellate review and will now address the merits of the point of error.[2]

### III. Merits of Claim
#### A.

■ Rule 21.9 of our rules of appellate procedure provides: "Granting a motion for new trial restores the case to its position before the former trial, . . ." A trial court "cannot grant a new trial as to the punishment phase of a trial only." *See State v. Hight,* 907 S.W.2d 845, 847 (Tex. Crim.App.1995). If a trial court grants a motion for new trial based upon error that occurred at the punishment phase, the effect is to grant a new trial on the issue of guilt as well as punishment. *See State v. Bates,* 889 S.W.2d 306 (Tex.Crim.App. 1994).

■ Only appellate courts have the authority to grant new trials limited to the issue of punishment. *See Hight,* 907

S.W.2d at 846. That authority is derived from article 44.29(b), which provides in pertinent part:

> If the court of appeals or the Court of Criminal Appeals awards a new trial to a defendant . . . only on the basis of an error or errors made in the punishment stage of the trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial under Subsection (b), Section 2, Article 37.07 of this code.

This article was enacted in 1987. Acts 1987, 70th Leg., p. 1388, ch. 179, sec. 1, eff. Aug. 31, 1987. Under prior law, an appellate court could remand for a new determination of punishment only if the trial court had initially assessed punishment; if the jury had assessed punishment, the effect of a reversal was an entirely new trial. *See Brumfield v. State,* 445 S.W.2d 732, 740 (Tex.Crim.App.1969). Article 44.29(b) has been applied to a wide variety of errors committed during the punishment phase of trial. *See* 40 DIX & DAWSON, 43 TEXAS PRACTICE § 43.371 312 (1995).

#### B.

■ Appellant recognizes that under the Equal Protection Clause of the Fourteenth Amendment, when a classification does not place a burden on a "suspect" class of persons, such as classifications based upon race, national origin, gender, or illegitimacy,[3] or implicate a "fundamental" right, such as the right to privacy, the right to vote, and those rights guaranteed by the First Amendment,[4] the proper stan-

---

2. Our research reveals this is the first equal protection challenge to article 44.29(b). However, the article has been challenged and upheld as not violating the constitutional prohibitions against ex post facto laws. *See Grimes v. State,* 807 S.W.2d 582 (Tex.Crim. App.1991); *Urbano v. State,* 808 S.W.2d 519 (Tex.App.-Houston [14[th] Dist] 1991, no pet.).

3. See Rotunda & Novak, Treatise on Constitutional Law: Substance and Procedure, 2nd, § 18.3, p. 22 (1992).

4. *See Clark v. State,* 665 S.W.2d 476, 480–481, n. 3 (Tex.Crim.App.1984) (citing *Massachusetts Board of Retirement v. Murgia,* 427 U.S.

dard for appellate review is to determine whether there is a rational basis for the different treatment, which is to say, whether the classification bears a rational relationship to a legitimate state interest. *See City of Cleburne, Tex. v. Cleburne Living Center,* 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985); *Clements v. Fashing,* 457 U.S. 957, 963, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508 (1982); *City of New Orleans v. Dukes,* 427 U.S. 297, 303, 96 S.Ct. 2513, 2516–2517, 49 L.Ed.2d 511 (1976); *James v. State,* 772 S.W.2d 84, 92 (Tex.Crim.App.1989); *Clark v. State,* 665 S.W.2d 476, 480–481 (Tex. Crim.App.1984). This "rational basis" review is highly deferential towards the states when economic or social legislation is at issue. *See Dallas v. Stanglin,* 490 U.S. 19, 26–27, 109 S.Ct. 1591, 1594–1595, 104 L.Ed.2d 18 (1989); *Cleburne,* 473 U.S. at 440, 105 S.Ct. at 3254. Courts also defer to penal legislation. *See McGowan v. Maryland,* 366 U.S. 420, 422–428, 81 S.Ct. 1101, 1103–1106, 6 L.Ed.2d 393 (1961). Under this level of deference, the reviewing court should not strike down a statute unless it is "based solely on reasons totally unrelated to the pursuit of the State's goals and only if no grounds can be conceived to justify them." *See Clements,* 457 U.S. at 963, 102 S.Ct. at 2843. *See also John v. State,* 577 S.W.2d 483, 485 (Tex.Crim.App.1979) ("A legislative body has a right to make a classification ... for the purpose of serving legitimate aims if the limits of the class are not unreasonable or arbitrary."); and Rotunda & Nowak, Treatise on Constitutional Law: Substance and Procedure, 2nd, § 18.3, p. 27 (1992).

 Initially, we note that neither the Supreme Court, nor the Court of Criminal Appeals, has recognized criminal defendants in general as constituting a suspect class. *See Dinkins v. State,* 894 S.W.2d 330, 342 (Tex.Crim.App.1995). Furthermore, there is neither a fundamental, nor constitutional, right to appellate review of a criminal conviction. *See Phynes v. State,* 828 S.W.2d 1, 2 (Tex.Crim.App.1992). "[A] party may appeal only that which the Legislature has authorized." *See Olowosuko v. State,* 826 S.W.2d 940, 941 (Tex.Crim. App.1992); *Galitz v. State,* 617 S.W.2d 949, 951 (Tex.Crim.App.1981). While rare, there are circumstances where there is no right of appeal. *See* Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.1993) (no appeal may be taken from trial court's determination to proceed with adjudication of guilt.); Tex. R. App. P. 25.2(b)(3)(notice of appeal).

As no suspect class is involved and no fundamental right is implicated, we need only determine whether the remedy provided by article 44.29(b), namely a new trial limited to the determination of punishment rather than an entirely new trial following a finding of error at the punishment phase of trial, is rationally related to a legitimate state interest.

## C.

 Remedies in criminal cases should be narrowly tailored to the injury suffered and should not unnecessarily infringe on society's interest in prosecuting criminal activity. *See Cook v. State,* 940 S.W.2d 623, 637 (Tex.Crim.App.1997)(Baird, J., concurring & dissenting)(citing *United States v. Morrison,* 449 U.S. 361, 365, 101 S.Ct. 665, 668, 66 L.Ed.2d 564 (1981)). In this light, we hold that limiting the remedy to the phase of the trial where the error occurred is rational. Moreover, awarding an entirely new trial for errors that only affected the issue of punishment could infringe on society's interest in prosecuting criminal activity. For example, evidence necessary to establish guilt could be lost or destroyed in the interim between the initial trial and the retrial. If an entirely new trial was ordered, the ultimate result would be an acquittal or a dismissal because the State was no longer able to prove its case. Such a result would be

307, 312, n. 3, 96 S.Ct. 2562, 2566, n. 3, 49 L.Ed.2d 520 (1976)).

senseless when there was not error at the guilt phase of the initial trial sufficient to warrant reversal. Second, limiting the issue of the retrial to punishment should preserve judicial resources, prevent the costs and expenses attributed to lengthy retrials, and reduce the time and inconvenience to jurors. For these reasons, we hold there is a rational basis for article 44.29(b) to limit the retrial to the issue of punishment.

 This conclusion begs the question of whether the remedy provided by Rule 21.9, namely an entirely new trial, is also rational. We hold that remedy is rational for the following reasons. First, assume a motion for new trial alleging errors affecting both the issues of guilt and punishment is heard by the trial court. If the trial court agrees there were errors affecting guilt then, just as with appellate courts, the appropriate remedy is to order an entirely new trial. However, if the trial court does not agree there were errors affecting guilt, but does find errors affecting punishment, an entirely new trial would still be warranted; otherwise the defendant would be forced to forego appellate review of the alleged guilt errors or the case would be appealed so those issues could be reviewed. Under the latter scenario, the only benefit would be not having to determine the issue of guilt again. This limited benefit would be outweighed by its disadvantages. Resolution of the case would be postponed for months pending appellate review. This postponement would also result in additional costs, expenses and time from the clerk's office and the court reporter. The defendant would either be confined at cost to the taxpayers, or endure the expense of making bail. Additionally, the trial court would be forced to appoint appellate counsel or the defendant would incur the expense of retaining counsel. Finally, the appeal would tax the judicial resources of the appellate court as well as its staff and clerk's office, and perhaps the resources of the Court of Criminal Appeals. These detriments would all be incurred for the limited purpose of avoiding a retrial on the issue of guilt, which would be necessary in any event if the appellate court found reversible error at that phase of the trial. Accordingly, we hold that providing an entirely new trial to a defendant who successfully establishes grounds for a new trial is rational, even if the grounds are limited to the issue of punishment.

Accordingly, we hold the remedies provided by both article 44.29(b) and Rule 21.9 are rationally related to legitimate state interests. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.