NUMBERS
13-01-615-CR, 13-01-616-CR, and 13-01-617-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

                                                                                                                                             

ARMANDO
MUNGIA,                                                            Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

                                                                                                                  
                          

       On appeal from
the 24th District Court of DeWitt County, Texas.

                                                                                                                      


 

                                   O
P I N I O N                                                         

                       Before Justices Yañez,
Castillo, and Baird[1]

                                   Opinion
by Justice Baird








Appellant was
charged in three separate indictments with the offenses of robbery, burglary of
a habitation, and indecency with a child. 
Appellant was subsequently convicted of the first two offenses, and
placed on community supervision for the latter. 
All three offenses are the subject of this opinion.  For the reasons stated below, we either
dismiss the appeals for want of jurisdiction, or affirm the judgments of the
trial court.

I.  Robbery.

On August 7,
1997, appellant pled guilty to the offense of robbery.  Although sufficient evidence was admitted to
establish appellant=s guilt, the
trial court deferred an adjudication of guilt and placed appellant on community
supervision for a period of ten years. 
Subsequently, the State filed a motion to adjudicate guilt.  On August 16, 2001, appellant pled true to
the allegations in the State=s motion.  The trial judge accepted appellant=s plea, revoked
appellant=s community
supervision, adjudicated appellant=s guilt, and
assessed punishment at twelve years confinement in the Texas Department of
Criminal Justice--Institutional Division and a fine of $1,500.00.

Our law is well
established that no appeal may be taken from a subsequent determination to
proceed with an adjudication of guilt.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon
Supp. 2002); Williams v. State, 592 S.W.2d 931 (Tex. Crim. App.
1979).  Accordingly, the appeal in cause
number 13-01-615-CR (trial court cause number 97-3-89143) is dismissed for want
of jurisdiction.

II.  Burglary of a Habitation.








On August 7,
1997, appellant pled guilty to the offense of burglary of a habitation.  The trial court found appellant guilty, and
assessed punishment at ten years confinement, probated, and a fine of
$1,500.00.  The State subsequently moved to
revoke appellant=s community
supervision.  On August 16, 2001,
appellant pled true to the allegations in that motion.  The trial judge revoked appellant=s community
supervision and assessed punishment at 
ten years confinement, and a fine of $1,500.00.

Appellant has
filed a brief which we have carefully reviewed. 
His sole point of error relates to the issue discussed in part III of
this opinion. Accordingly, he does not challenge the judgment of the trial
court in cause number 97-3-8914 (our cause number 13-01-616-CR).  Therefore, that judgment is affirmed.

III.  Indecency with a Child.

Appellant pled
guilty to the offense of indecency with a child.  Although sufficient evidence was admitted to
establish appellant=s guilt, the
trial court deferred an adjudication of guilt and placed appellant on community
supervision for a period of ten years. 
The trial judge imposed as a term and condition of that community
supervision that appellant comply with the sex offender registration program of
Chapter 62 of the Code of Criminal Procedure. 
Tex. Code Crim. Proc. Ann.
arts. 62.01‑62.13 (Vernon Supp.2002).

Appellant
contends the sex offender registration requirements violate the Equal
Protection Clause of the Fourteenth Amendment to the United State
Constitution.  The State, relying on
article 44.02 of the Code of Criminal Procedure, argues that we are without
jurisdiction to entertain this appeal because appellant did not bring this
issue to the trial court=s attention
prior to his plea of guilty.  Tex. Code Crim. Proc. Ann. art. 44.02
(Vernon 1979).  However, the Court of
Criminal Appeals has specifically held that Aa defendant placed on deferred
adjudication community supervision may raise issues relating to the original
plea proceeding . . . when deferred adjudication community supervision is first
imposed.@  Manuel v. State, 994 S.W.2d 658, 661‑62
(Tex. Crim. App. 1999).  Therefore, we
will reach the merits of this point of error.








Under the Equal
Protection Clause of the Fourteenth Amendment, when a classification does not
place a burden on a Asuspect@ class of
persons, such as classifications based upon race, national origin, gender, or
illegitimacy, or implicate a "fundamental" right, such as the right
to privacy, the right to vote, and those rights guaranteed by the First
Amendment, the proper standard of appellate review is to determine whether
there is a rational basis for the different treatment, which is to say, whether
the classification bears a rational relationship to a legitimate state
interest.  Stewart v. State, 13
S.W.3d 127, 132-33 (Tex. App.BHouston [14th
Dist.] 2000, pet. ref'd) (citations and footnotes omitted).  Neither the Supreme Court nor the Court of
Criminal Appeals has recognized criminal defendants in general as constituting
a suspect class.  Dinkins v. State,
894 S.W.2d 330, 342 (Tex. Crim. App. 1995); see also Cutshall v. Sundquist,
193 F.3d 466, 482 (6th Cir.1999) (sex offenders are not a suspect class for
equal protection purposes).  Clearly, the
sex offender registration program of Chapter 62 of the Code of Criminal
Procedure does not implicate a fundamental right.  Therefore, we must resolve appellant=s argument
under the rational basis standard of appellate review.








This standard
of review is highly deferential towards the states when economic or social
legislation is at issue.  Dallas v.
Stanglin, 490 U.S. 19, 26‑27 (1989); City of Cleburne, Tex. v.
Cleburne Living Center, 473 U.S. 432, 440 (1985).  Courts also defer to penal legislation.  McGowan v. Maryland, 366 U.S. 420, 422‑428
(1961).  Under this level of deference,
the reviewing court should not strike down a statute unless it is Abased solely on
reasons totally unrelated to the pursuit of the State's goals and only if no
grounds can be conceived to justify them.@  Clements v. Fashing, 457 U.S. 957, 963
(1982); John v. State, 577 S.W.2d 483, 485 (Tex. Crim. App.1979) (AA legislative
body has a right to make a classification . . . for the purpose of serving
legitimate aims if the limits of the class are not unreasonable or arbitrary.@); Ronald D. Rotunda & John E. Nowak,
Treatise on Constitutional Law: Substance and Procedure, ' 18.3, p. 27
(2nd ed. 1992).  Therefore, in enacting
Chapter 62 of the Code of Criminal Procedure, the legislature need only have
had a rational reason for distinguishing sex offenders from those convicted of
other crimes.  Lanni v. Engler,
994 F.Supp. 849, 855 (E.D. Mich. 1998). 
Because the notification provisions are reasonably related to enhancing
public awareness that a sex offender may be living in the community, so that
appropriate precautions may be taken, we cannot say the notification
requirements are irrational.  In re
M.A.H., 20 S.W.3d 860, 866 (Tex. App.BFort Worth
2000, no pet.).  Accordingly, appellant=s sole point of
error is overruled.  The judgment of the
trial court in cause number 01-5-9457 (our cause number 13-01-617-CR) is
affirmed.

 

                                                   
                                                                                                 CHARLES F. BAIRD

Justice

 

 

Do not publish.  

Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

20th day of June, 2002.











[1]Former
Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t Code Ann. '
74.003 (Vernon 1998).